## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Board of Directors of the
Port Royal Condominium
Unit Owners' Association et al.

v.

Crossland Savings FSB et al.

January 5, 1989

Case No. (Chancery) 18453

By JUDGE ALFRED D. SWERSKY

[This is] my opinion on the Demurrers raised by the various Defendants. I have broken the opinion down by Defendants or groups of Defendants, and I believe that for clarity's sake separate Decrees should be entered for each Defendant.

*Madison National Bank*

The Demurrer of this Defendant to the individual Complainants' claims will be sustained. The allegations indicate that the claim is the responsibility of the Board of Directors. No claim for relief for damages suffered by the individual unit owners is made. *See, Frantz v. CBI Fairmac*, 229 Va. 444 (1985).

The Demurrer of this Defendant will be sustained as to Count I. No facts are alleged upon which this Court could find that a fiduciary duty as alleged in Count I was owed by this Defendant to Complainant. The relationship of a bank to its depositors is one of debtor and creditor.

*Deal v. Merchants Bank*, 120 Va. 297 (1917). No duty exists at law for a bank to supervise the deposit and disposition of funds to and from its accounts. No duty arises to monitor the purposes of the deposits and withdrawals under the circumstances alleged here. Count I will be dismissed as to this Defendant.

In Count VI, the allegations fail to state a cause of action. It is styled "Injury to Property." Clearly, any liability on the part of this Defendant for these damages must arise from a tort, breach of contract, or the breach of a duty owed. This Count merely sets forth the damages alleged to have resulted from the various other claims made and as such fails to state a cause of action. Count VI will be dismissed.

The Demurrer to Count VII will be overruled. The allegations of Count VII to the effect that there was a contract between the parties that required the bank to "keep its (Complainant's) funds safe" and to prevent them from being "commingled and misappropriated" and requiring the bank to "deliver the funds to their rightful owners" must be accepted as true for purposes of this Demurrer. Clearly, the allegations are sufficient to state a cause of action assuming the truth of the allegation that such a contract exists.

As to Count VIII, the Court finds that the allegations of fraud are sufficiently stated for purposes of the Demurrer, and the Demurrer to this Count will be overruled.

### William H. Plank

This Defendant's Demurrer to the claims of the individual unit owners will be sustained in view of this Court's prior ruling on this issue, and their claims will be dismissed.

Plank's Demurrer to Count IV (Virginia Consumer Protection Act) is based upon the argument that this Act is pre-empted by the Federal Consumer Protection Act (15 U.S.C. 1601, *et seq.*) or by the Virginia Condominium Act (§ 55-79.39, *et seq.*). The Federal Consumer Protection Act referred to is the so-called "truth in lending statute" regulating disclosure of consumer credit transactions. No such allegations are made by Complainant herein; hence,

the Federal statute does not apply. *See, Valley Acceptance v. Glasby, et al.*, 230 Va. 422 (1985).

However, the Demurrer must be sustained on the basis of the exclusions contained in § 59.1-199(A) of the Code of Virginia. The transactions giving rise to the claims herein are "authorized under laws . . . of this Commonwealth." The Virginia Condominium Act, found at § 55-79.39, *et seq.*, clearly provides the remedy as to this Defendant for such violations. *See* § 55-79.53. Under these circumstances, the Consumer Protection Act, by its very terms, does not apply. This Count will be dismissed as to this Defendant.

Count V alleging "negligence per se" in violating the Virginia Consumer Protection Act will be dismissed in view of the Court's ruling on the inapplicability of that Act.

The allegations of Count VIII as to the fraud are sufficient to state a cause of action, and the Demurrer to this Count will be overruled.

*Tolbert, Smith, Fitzgerald & Stackhouse
and John D. Epperly, Esq.*

The Demurrer to the claims of the individual unit owners will be sustained and their claims dismissed for the reasons previously given.

Count IV alleges that these Defendants violated the Virginia Consumer Protection Act. Defendants argue pre-emption by the Federal Consumer protection Act and the Virginia Condominium Act. Also, they argue that the Virginia Consumer Protection Act is not applicable to them as practitioners of law. It is not necessary to decide the pre-emption questions. No authority is cited for the applicability of this Act to attorneys-at-law. A "consumer transaction" is defined in Section 59.1-198(A)(i), as the "advertisement, sale, lease or offering for sale or lease, of goods or services to be used primarily for personal, family or household purposes." Legal services do not fit such a definition, even in the context of the facts alleged here. It would be an anomalous result to conclude that some legal services are covered by the Act while others are not. Thus, the allegations of the services rendered by this Defendant do not come within the definition

of a consumer transaction. The Demurrer will be sustained, and this Count dismissed as to these Defendants.

In view of this result, Count V must likewise fail as it alleges negligent violations of the Act. The Demurrer will be sustained, and this Count will be dismissed.

Count VIII, alleging fraud, is sufficiently pleaded, and the Demurrer will be overruled.

### Henry St. John Fitzgerald

The Demurrer of this Defendant is based upon the same grounds as that of his law firm and Defendant Epperly. The results, of course, are the same.

The Demurrer is sustained as to the claims of the individual unit owners and as to Counts IV and V for the reasons previously given. The Demurrer as to Count VIII will be overruled.

### J. E. Robert Co., Joseph E. Robert, Jr., and Carroll Jaskulski

The Demurrer of these Defendants as to the claims of the individual Complainants is sustained for the reasons stated elsewhere in this opinion.

The Demurrer of these Defendants based upon the Bill of Complaint's multifariousness and the misjoinder of parties is overruled. These Defendants appear properly joined in this action. Rule 1:4(k), Rules of Supreme Court of Virginia.

The Demurrer of Defendant Jaskulski as to Count I will be overruled as there are sufficient allegations of his fiduciary duties arising out of his service on the Board of Directors of the Condominium. The Demurrer of J. E. Robert Co. to this Count is likewise denied. The company is alleged to be liable in this Count by virtue of the fact that its agent, Jaskulski, occupied a position of trust while in the scope of his employment. Such allegations are sufficient. *Allen Realty Corp. v. Holbert, et al.*, 227 Va. 441, 448 (1984).

Count II does not contain sufficient factual allegations as to the violations of the Condominium Act by these Defendants, and the Demurrer will be sustained. Leave

will be granted to Complainant to amend Count II if it so desires.

In Counts IV and V, J. E. Robert Co. is alleged to have violated the Virginia Consumer Protection Act (Code of Va., § 59.1-196, *et seq.*) in performing its function as the marketer and seller of the condominium units. This Defendant claims that the Act does not apply to the sale of real estate and that the Act is pre-empted by the Virginia Condominium Act and 15 U.S.C. § 1603, *et seq.* Real estate agents and the services they perform are included within the Act's definition of a consumer transaction and the Act specifically includes real property within its ambit. § 59.1-198(B). *See, Messer v. Shannon & Luchs Co., et al.,* Law No. 67670 (Cir. Ct., Fairfax, 1985)[1], *Messer v. Re/Max Prop., Inc., et al.,* Law No. 66597 (Cir. Ct., Fairfax, 1985).[2] There is no pre-emption by the Federal Act of the aspects of this real estate transaction which are alleged to give rise to the cause of action. The Federal Consumer Act (15 U.S.C. 1603, *et seq.*) regulates loans and disclosures. Unless the particular aspect of the transaction is covered by the Federal statute, there is no pre-emption. *See, Valley Acceptance Corp. v. Glasby,* 230 Va. 422, 433 (1985). The Demurrer to this Count will be overruled. Because of the Court's sustaining of the Demurrer to Count II, Defendants' argument as to the exclusion of this transaction as it relates to them from the Virginia Consumer Protection Act will not be addressed. Rather, it will be reserved pending Complainant's decision whether or not to amend Count II.

In view of this ruling, the Demurrer to Count V, alleging negligent violations of the Virginia Consumer Protection Act, will be overruled.

Count VII alleges that the company breached its contract with the Declarant to properly complete the renovation and that Complainant is the third party beneficiary to this contract. The Demurrer must be sustained. The contract does not appear in the pleadings, however, the contract must clearly intend to benefit the alleged third

---

[1] This case is printed above at page 18. [Reporter's Note]

[2] This case is printed above at page 15. [Reporter's Note]

party, and mere incidental benefits are insufficient to give rise to a cause of action. *Valley Landscape Co. v. Rolland*, 218 Va. 257 (1977); also, *Waterford Condominium Assn. v. Dunbar Corp.*, 432 N.E.2d 1009 (Ill. 1982). Complainant will be given leave to amend this count if so advised.

The Demurrer to Count VIII, the fraud Count is overruled. The allegations are sufficient to put Defendants on notice as to the nature of the claim of Complainant.

### Crossland Savings FSB, Royal Street Sales Corp., Anthony Starinieri, Robert Garcia, and William Kelly

For reasons given previously, the Demurrers of these Defendants to all of the claims by the individual Complainants will be sustained and their claims dismissed as to these Defendants.

The Demurrer of Crossland to Count I will be overruled. Crossland demurs to the allegations that it is a "de facto declarant" and upon the grounds that this Count is factually insufficient to pierce the corporate veil of Royal Street Sales Corp. (RSCC). While the Court is satisfied that the allegations of a "de facto declarant" would be insufficient if standing alone, the remaining allegations as to the piercing of the corporate veil and the imposition of vicarious liability upon Crossland by virtue of the alleged breach of fiduciary duties by its agents in the scope of their employment are sufficient to require the overruling of this Demurrer. *See*, *Allen Realty Corp. v. Holbert, et al.*, 227 Va. 441 (1984).

The Demurrers of these Defendants to Count II (The Condominium Act) will likewise be overruled in view of the Court's ruling on Count I. The individual Complainants' claims are, however, dismissed.

The Demurrer of these Defendants to Count IV and Count V (The Consumer Protection Act) will be sustained in view of the exclusion of this transaction from the reach of the Act by virtue of the regulation of this transaction as to these Defendants by the Condominium Act. (§ 59.1-199(A)). These Counts will be dismissed.

In view of the ruling that Count VI (Damage to Property) does not state a separate cause of action, the Demurrers

to this Count will be sustained, and this Count dismissed as to these Defendants.

The Demurrer of these Defendants to Count III must be sustained. They are alleged to be a successor Declarant to the original Declarant and hence are not liable for warranty obligations on the improvements made by the previous Declarant. (§ 55-79.74:3(2)(ii)). This Count will be dismissed as to these Defendants.

The allegations of Count VIII (Fraud) are alleged with sufficiency, and the Demurrers will be overruled.