# CIRCUIT COURT OF THE CITY OF RICHMOND

George Oberto

   v.

William K. Grogan
and William K. Grogan
and Associates

April 18, 2014

Case No. CL14-138

By Judge Melvin R. Hughes, Jr.

This case is before the court for a ruling on defendants' Demurrer to plaintiff's Complaint. The Complaint alleges three claims: legal malpractice, breach of fiduciary duty, and violation of the Virginia Consumer Protection Act (VCPA).

Briefly, plaintiff alleges that he is a former client of the defendants, an attorney and his law firm. Plaintiff met with defendant, Grogan, for the purpose of qualifying him as administrator of his deceased wife's estate and to draft his will. Instead, contrary to his wishes, defendant drafted two documents, a deed of gift which conveyed a half-interest in real property he owned to Louis and Gladys Autry, defendants' clients, and a will which would devise the remaining one-half interest of the property to the Autrys upon his death. Plaintiff alleges that defendant did not advise him of the meaning and purpose of the documents and took advantage of his advanced age and poor eyesight.

Under well-known principles on demurrer, the court will examine the Complaint to determine whether the facts alleged present cognizable legal claims. *Glazebrook v. Board of Supervisors, etc.*, 266 Va. 550, 554 (2003).

The demurrer raises the issue of whether the Complaint is sufficient in law to mount claims of breach of fiduciary duty, punitive damages, and violation of the Virginia Consumer Protection Act. The court agrees with the defendants' assessment that it does not.

Plaintiff asserts a claim for both legal malpractice and breach of fiduciary duty, but the claim for breach of fiduciary duty can only survive, under the

facts alleged, if it arises out of an independent act outside of the scope of legal representation. In other words, the Complaint must allege a separate independent tort, apart from the claim of legal malpractice. *Kamlar Corp. v. Haley*, 224 Va. 699, 707 (1983). Virginia law is clear that legal malpractice is a contract claim. *Oleyar v. Kerr*, 217 Va. 88, 90 (1976) ("an action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract."). That legal malpractice actions sound in tort and "certain . . . fiduciary duties [arise] by implication does not alter the result." *Augusta Mutual Ins. Co. v. Mason*, 274 Va. 199, 207 (2007); *Dunlap v. Cottman Transmission Systems*, 287 Va. 207, 754 S.E.2d 313, 319 (2014) ("[T]he only duties at issue in a breach of contract claim are those arising solely from the contract itself."). Thus, a breach of contract "does not, without more, create a basis for recovery in tort." *Dunlap*, 745 S.E.2d at 319 (quoting *Station #2, L.L.C. v. Lynch*, 280 Va. 166, 174 (2010)).

Plaintiff maintains that case law does not prohibit him from maintaining a claim for breach of fiduciary duty within his legal malpractice claim because he alleges that defendant's intent to breach his fiduciary duties preceded the contract for legal services. Plaintiff's argument is not persuasive, however, because all fiduciary duties owed by a lawyer to his client are created by the contract between them. *O'Connell v. Bean*, 263 Va. 176, 181 (2002). Thus, under these facts, no fiduciary duties existed before the attorney-client contract, and any fiduciary duties that do exist arise by implication from the terms of the contract. This is not to say that a client cannot ever sue his lawyer in tort for the breach of a duty; lawyers remain liable for breaches of duties outside of the attorney-client relationship. *See, e.g., Goodstein v. Weinberg*, 219 Va. 105, 109 (1978) (holding that a client can sue attorney in tort for fraud). However, here, from the allegations in place in the Complaint, no more than a breach of contract is alleged for which a breach of fiduciary duty may inhere from the contract breach itself.

The Supreme Court of Virginia decided recently in *Dunlap v. Cottman Transmission Systems*, 287 Va. 207, 754 S.E.2d 313 (2014), that a claim of tortious interference with contract is a sufficient predicate claim for an action under Virginia's business conspiracy claim statute, Va. Code §§ 18.2-499, 18.2-500. Here, as explained above, any alleged breach of fiduciary duty is not sufficiently pleaded as existing independently of the parties' contractual relationship of attorney and client to constitute a stand-alone tort-like claim.

Lastly, whether plaintiff's claim for violation of the VCPA survives demurrer depends upon whether the Act applies to legal services. The court must find that there is no VCPA claim alleged. The VCPA applies to "fraudulent acts or practices committed . . . in connection with a consumer transaction" and defines a consumer transaction as "[t]he advertisement, sale, lease, licensing or offering for sale, lease or license, of goods or services

to be used primarily for personal, family, or household purposes." Va. Code §§ 59.1-198 and 59.1-200. There is no controlling authority on the subject, but at least one circuit court decision has held that legal services do not fit the VCPA's definition of consumer services. *Board of Directors of the Port Royal Condominium Unit Owners' Ass'n v. Crossland Savings FSB*, 15 Va. Cir. 239, 241 (Alexandria 1989). Though the type of legal service differs from those at issue here, the court in *Crossland Savings* reasoned that "[i]t would be anomalous result to conclude that some legal services are covered by the [VCPA] while others are not." *Id.*

Defendants also argue that state law preempts application of the VCPA to legal services because the VCPA explicitly excludes "[a]ny aspect of a consumer transaction which . . . is authorized under laws or regulations of this Commonwealth." Va. Code § 59.1-199(A). Plaintiff claims that Virginia law only regulates but does not authorize the practice of law. The court in *Crossland Savings* declined to consider preemption because it had already decided that VCPA did not apply based on its definition of consumer transactions. *Crossland Savings*, 15 Va. Cir. at 241. The statutes that defendants rely on to support their preemption argument are persuasive. *See, e.g.*, Va. Code § 54.1-3900 ("Persons who hold a license or certificate to practice law under the laws of this Commonwealth and have paid the license tax prescribed by law may practice law in the Commonwealth."). No matter if by definition or by preemption, the VCPA does not apply to legal services.

Accordingly, for the foregoing reasons, defendants' demurrer is sustained. With respect to the allegations claiming a violation of the Virginia Consumers Protection Act, the demurrer is sustained without leave to amend, and that claim shall be dismissed. Plaintiff shall be granted leave to file an amended pleading within fifteen days and defendant may file responsive pleadings within ten days following receipt of any amended pleading.