**GREAT AMERICAN INSURANCE COMPANY**

v.

**CAVALIER PRINTING INK COMPANY, INC.**

Civ. A. No. 85–0514–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Oct. 11, 1985.

R. Craig Jennings, Kevin L. Locklin, Slenker, Brandt, Jennings & Johnston, Fairfax, Va., for plaintiff.

J.W. Morris, John M. Claytor, Carrie L. Camp, Browder, Russell, Morris & Butcher Richmond, Va., for defendant.

## ORDER

WARRINER, District Judge.

A fire occurred at the premises of Cavalier Printing Ink Company, Inc., on 4 June 1984. Surrounding premises were severely damaged or destroyed as the fire spread. Among the persons whose property was damages or destroyed by the spreading fire were R.W. and Mildred H. Harper, Saxony Shoes, Inc., S.G. Frantz Company, Inc., and Wilson Feed Company, Inc. Entities which are or may be legally liable for the damages caused by the fire are Cavalier Printing Ink Company, Inc., Wolff-Walsrode, A.G., Mobay Chemical Corporation, and Contract Marine Carriers, Inc.

In February of 1985, several of the injured plaintiffs filed their several actions against the four defendants in the Circuit Court of the City of Richmond. While there appears to have been substantial preparation for discovery, actual discovery has not been substantial and no trial date has been set. If a trial date were sought, it appears that the Court would set trial for the spring of 1986. The aggregate of damages sought by the several plaintiffs is over $4,000,000. Cavalier had insurance coverage of $1,500,000. It is not known what assets or insurance coverage the other defendants may have. It has been suggested that the damages to Saxony Shoes are relatively slight. The Harpers claim a loss of over a million dollars. They have been paid approximately $200,000 by their insurance carrier, Great American Insurance Company. Great American is subrogated to the Harper's claim pro rata. Rather than seek to recover the full amount of the loss in the Harper suit pending in State court, Great American in May of 1985 filed a claim in this Court for its subrogated share of the Harper claim.

Cavalier has asked this Court to stay the action on this subrogated portion of the claim. The motion was accompanied by an appropriate brief and exhibits to which plaintiff has filed its reply brief. Defendant's rebuttal brief comes too late and will not be considered.

The parties agree that the decision is controlled by *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978). The Court believes these decisions must be interpreted in light of *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

As Great American argues these cases the things to be considered by the Court in determining defendant's motion are (1) comity, (2) promotion of judicial efficiency, (3) adequacy and extent of relief available in the alternative forum, (4) identity of the parties and of the issues in both actions, (5) likelihood of prompt disposition in the alternative forum, (6) convenience of parties' counsel and witnesses, and (7) possible prejudice to a party as a result of the stay. I will consider the motion within the framework of plaintiff's outline only adding that the granting of the motion must be based on extraordinary circumstances.

Comity is a two-way street but in this case the question of liability for causing the fire and the damages resulting from the fire were first presented to a State court. That court has taken jurisdiction and the processes of that court have been and are being used by the parties to move the suit along.

With respect to the promotion of judicial efficiency, it would be hard to imagine a less efficient way to have the insureds' portion of the loss and the insurance com-

pany's portion of the loss litigated and determined. The one loss suffered by the Harpers has, by means of the parallel actions, been broken into two parts. One part will be heard by the State court and the other part by the federal court. Two juries will hear the identical evidence. Each will have to hear evidence as to the whole of the damages and each must establish liability on the basis of the same facts. The process chosen by Great American is the epitome of inefficiency.

The relief available in the State forum is the same as the relief available here. Indeed, if it be found that the other State court defendants shared in causing the fire or that one or the other of the other defendants is solely responsible for the fire, then the relief available in the State court would be measurably superior to the relief available here.

With respect to the Harper claim, Great American, as the Harpers' carrier, stands in the shoes of the Harpers. Similarly, Great American stands in the shoes of Saxony. Hence there exists an identity of parties and issues.

This Court is setting cases currently in the winter and spring of 1986. The State court is setting cases in the late spring of 1986. The difference is insignificant.

There is no difference in the convenience of the two courts. They are located within four blocks of each other.

Plaintiff contends that there is a limited amount of money available to satisfy a judgment. By coming to federal court it hopes to obtain judgment more quickly and thus not be subjected to any sharing arrangement in settlement or otherwise which may grow out of the multiple contentions in the State court. In other words, plaintiff wants to grab its share and run.

Great American also claims that the State action may be more expensive. This claim has no moment. The work being done on behalf of the Harpers in State court is practically identical to the work that must be done here on behalf of Great American. By asserting their claims in a single action the expense to the litigants could be largely telescoped rather than duplicated.

Great American also asserts possible confusion in the State action. Confusion is generally a factor of poor preparation rather than of a multiplicity of parties. The question to be resolved is, who, if anyone, was culpable in starting the fire; what damages ensued. With all the plaintiffs and all the defendants present in one suit, this question can be answered authoritatively and lucidly. If the action be broken down into bits and pieces, as plaintiffs here seek to do, only confusion can be the result.

I consider the posture of the litigation extraordinary.

Plaintiff's motion for a stay is GRANTED. Upon a change of conditions the parties may move the Court to lift the stay at any time. In any event, the parties are to report to the Court on or before 30 June 1986 the status of the litigation in the State court.

And it is so ORDERED.