## CIRCUIT COURT OF FAIRFAX COUNTY

Potomac Savings Bank, F.S.B.

v.

James T. Lewis et al.

September 20, 1991

Case No. (Law) 106588

By JUDGE MICHAEL P. McWEENY

This matter is before the Court on Defendant TSA PortAmerica, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Defendants PortAmerica Hawaii Partners and Horita PortAmerica, Inc.'s Motion to Stay Proceedings.

### 1. *Motion to Stay*

The granting of a stay pending the outcome of an action in another court is in the sound discretion of the Court. 1 Am. Jur. 2d *Actions* § 94. The Court is to consider a number of factors in making its determination, including but not limited to the identity of the parties and issues in both actions; the time of filing; promotion of judicial efficiency; and possible prejudice to a party as a result of the stay. *See id.* at § 95; *Great American Ins. v. Cavalier Printing Ink*, 620 F. Supp. 1082, 1083 (E.D. Va. 1985).

In the present case, the Maryland suit was filed after the Virginia action was commenced. No evidence other than counsel's argument has been submitted as to the identity of the parties and the issues; the Maryland

pleading has not been presented to this Court. Neither side has addressed any possible prejudice which might result to the parties as a result of the stay, such as, for instance, whether all of the other defendants in the suit are properly subject to process or jurisdiction of the Maryland court.

There is thus insufficient evidence before the Court for it to order the stay. The convenience of some of the parties also is not sufficient basis alone to grant the stay.[1] While Maryland may be a more appropriate forum for this litigation, and judicial economy may well be promoted by staying the action, at this time the court denies the motion without prejudice.

## 2. *Motion to Dismiss*

The Court will construe the Defendants' motion to dismiss for lack of personal jurisdiction as a motion to quash service under the long-arm statute. Therefore, the Court will not address the plaintiff's request to postpone its decision on the motion to dismiss until further discovery.

Under the long-arm statute, a Virginia court "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action *arising from* the person's . . . [t]ransacting any business in this Commonwealth . . . ." Code § 8.01-328.1(A). The function of the long-arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in Virginia, to the extent possible under the Due Process Clause of the Constitution of the United States. *Nan Ya Plastics Corp. v. DeSantis*, 237 Va. 255, 259 (1989). The circumstances of each case must be examined to determine whether the requisite minimum contacts are present.

---

[1] The forum non conveniens statute, Code Section 8.01-265 (1984 ed.) provides that a court shall not dismiss (as opposed to stay) an action merely because it could be brought in another jurisdiction with more convenience to the parties and witnesses. This code section was amended and changed effective July 1, 1991, but the present suit was filed prior to that date. The statute does not address the postponement of proceedings in this Commonwealth pending resolution of another suit elsewhere.

In the instant case, the plaintiff's pleading does not set forth a sufficient basis to satisfy the requirements of the long-arm statute. Assuming without deciding that the acts of the other PortAmerica defendants are attributable to defendant TSA PortAmerica, Inc., under an agency theory, there is not allegation or proof that such agents transacted business relating to *this* cause of action in Virginia. No connections to Virginia are alleged in the Motion for Judgment other than the residency of the defendants or their principal places of business.

As no personal jurisdiction under Code § 8.01-328.1 appears on the face of the record, the service of this defendant under the long-arm statute will be quashed.