## CIRCUIT COURT OF FAIRFAX COUNTY

PC-Expanders, Inc.

v.

Subsystem Technologies, Inc.,
and Samir Mehra

June 8, 1992

Case No. (Law) 110558

BY JUDGE JOHANNA L. FITZPATRICK

This matter was before the Court on the Defendants' demurrer to Plaintiff's amended motion for judgment. I have carefully reviewed the pleadings, briefs and arguments of counsel, as well as the applicable authority, and I find the following to be appropriate in this case.

This action arises out of the Plaintiff's sale of various computer merchandise allegedly made to both of the named defendants between June 19, 1987, and January 28, 1988. Plaintiff asserts two separate Counts against the defendants to recover the balance due the Plaintiff for the delivered computer merchandise. Count I seeks recovery on an open account, and Count II seeks recovery based upon new promises made to the Plaintiff in writing. The corporate Defendant, Subsystems Technologies, Incorporated, is a Maryland corporation which failed to obtain a certificate of authority to transact business in this Commonwealth pursuant to Va. Code Ann. § 13.1–757(A) (1950), until April 29, 1988. As such, the Plaintiff asserts that during the period of time that the corporate defendant transacted business within the Commonwealth, prior to complying with the statutory requirements to domesticate itself as a foreign corporation under the Virginia Stock Corporation Act, the corporate defendant had no legal existence in Virginia, "and accordingly, liability would accrue to the sole known principal of that corpora-

tion, Samir Mehra." *See Plaintiff's Amended Motion for Judgment*, page 2, para. 3. Mr. Mehra is the other named defendant herein and is the chief executive officer of Subsystem Technologies, Incorporated.

The Defendants demur to Plaintiff's Amended Motion for Judgment on the grounds that Plaintiff has failed to plead any basis for a cause of action against Samir Mehra individually. For the purpose of this demurrer only, the Court is required to consider all the facts alleged in or reasonably inferable from the motion for judgment as true. *See West Alexandria Properties, Inc. v. First Va. Mtg. & Real Estate Inv. Trust*, 221 Va. 134, 267 S.E.2d 149 (1980). The Plaintiff has alleged in paragraph four of the amended motion for judgment that they contracted with and sold to "the Defendant Subsystems Technologies, Inc., *and* Samir Mehra, various computer merchandise. (Emphasis added.) The allegation of a contract and sale to both defendants, along with the allegation of delivery and non-payment would be sufficient to maintain an action on an open account against Samir Mehra, provided that all statutory writing requirements have been satisfied.

The Defendants demur to Count I on the additional ground that the action is barred by the statute of frauds. Under Virginia's enactment of the Uniform Commercial Code:

> a contract for the sale of goods for the price of $500.00 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.

Va. Code Ann. § 8.2–201(1) (1950).

Plaintiff's amended motion for judgment alleges that recovery is based on a contract and sale of computer equipment for over $500.00, and as such, it appears to the Court that the action is within the statute of frauds. Therefore, to be enforceable, the Plaintiff must produce a writing "signed by the party against whom enforcement is sought." Plaintiff's amended motion for judgment has incorporated three documents, all dated July 31, 1987, which indicate that Subsystem Technologies, Inc., had an outstanding balance due the Plaintiff, and each of these documents are signed by Samir Mehra as CEO for Subsystem Technologies, Incorporated. In Virginia, the general rule is that an agent is not liable for lawful acts done within the scope

of his authority for and on behalf of a disclosed principal. *See generally* 3 Am. Jur. 2d *Agency* § 301 (1964). As such, the writings upon which the Plaintiff relies are insufficient to permit enforcement against the individual defendant, Samir Mehra, because this defendant did not sign in an individual capacity. Further, the Plaintiff has failed to allege any facts which remove this contract from the requirements of Va. Code Ann. § 8.2–201(1) (1950), nor has the Plaintiff alleged any facts sufficient to support an exception to the general rule regarding liability of principals and agents.

The Plaintiff attempts to cure the statute of frauds defect by alleging that the Defendant, Samir Mehra, has incurred individual civil liability for actions taken in the name of Subsystem Technologies, Inc., because it was a foreign corporation which had failed to obtain a certificate of authority. However, this argument fails because the automatic imposition of civil liability for the officers of nondomesticated foreign corporations transacting business in this Commonwealth is no longer the law in Virginia. At the *ore tenus* hearing on this matter, the Plaintiff conceded that since the repeal of former Va. Code § 13.1–119, the Code of Virginia no longer expressly imposes individual civil liability on those agents of an undomesticated foreign corporation transacting business in Virginia. However, the Plaintiff points out that the Code does not proscribe the imposition of such individual liability and that "[i]n the absence of legislative guidance the Court is free to apply the law as it may see fit." *Plaintiff's Memoranda*, at 2. In support thereof, the Plaintiff relies upon *McLean Bank v. Nelson*, 232 Va. 420, 350 S.E.2d 651 (1986), for the proposition that without the corporate form personal liability exists, and that to allow Mr. Mehra "the use and benefit of shielded liability despite his complete failure to heed the Code of Virginia" would render nugatory the requirements of the Virginia Stock Corporation Act. *Plaintiff's Memoranda*, at 3.

The Plaintiff has misconstrued the teachings of *McLean Bank v. Nelson*, wherein the Supreme Court of Virginia opined that "where individuals act on behalf of a *dissolved* corporation they may be personally liable for their acts. (Emphasis added.) 232 Va. at 426, 350 S.E.2d at 656. In that case, the Supreme Court explained the distinction between a dissolved corporation and an undomesticated foreign corporation, thus:

> A dissolved domestic corporation is no corporation at all. A
> foreign corporation is still a corporation even though it

might not be domesticated. If an entity is no corporation at all, the individuals who conduct its affairs must be personally liable for their acts and, as noted above, no need exists to recite the obvious in a statute. On the other hand, if liability were not expressly imposed upon those acting on behalf of a foreign corporation, those individuals might escape liability by reliance on the corporate form. Thus, in the case of a dissolved domestic corporation, the legislature had no need expressly to impose individual liability on those who conducted its affairs. However, in the case of an undomesticated foreign corporation, that precise need does exist.

232 Va. at 426–427, 350 S.E.2d at 656.

Therefore, this Court must find express statutory authority before it can impose individual civil liability on those who conduct the affairs of an undomesticated foreign corporation. While the Virginia Stock Corporation Act does specify the consequences of transacting business without authority, it does not include among those consequences the imposition of individual civil liability to private parties. Rather, the current statute states that "each officer, director and employee who does any such business in this Commonwealth knowing that a certificate of authority is required shall be liable for a penalty of not less than $500 and not more than $5,000." *See* Va. Code Ann. § 13.1–758(D) (1950) (as amended).

The repeal of former Va. Code § 13.1–119, which did provide for individual liability upon those officers of foreign corporations which failed to obtain a certificate of authority, is suggestive of legislative intent. This is not an issue which may have been overlooked in the legislative scheme; rather, the legislature had enacted a law, and then repealed it and replaced it with the current statute. This Court must look to the provisions contained in the act of latest passage as indicative of the most current intention of the legislature. *See Building Supplies Corp. v. Willcox*, 284 F. 113, 116 (4th Cir. 1922). As such, this Court rejects the Plaintiff's assertion that the legislature has not spoken, and that the Court is free to apply the law without a view to

prior legislation.[1] The General Assembly is presumed to have been cognizant at the time it acted of all existing facts and circumstances bearing upon and relating to its enactments. *Virginia Dep't of Labor & Indus. v. Westmoreland Coal Co.*, 233 Va. 97, 104, 353 S.E.2d 758 (1987). Accordingly, I find that Samir Mehra is not subject to automatic personal liability to the Plaintiff herein for the acts of the corporate defendant based solely upon the corporate defendant's failure to timely obtain a certificate of authority.

Therefore, the Defendants' demur to Count I must be sustained because the Plaintiff has failed to allege any document which is signed by the Defendant, Samir Mehra, individually, as required by Va. Code Ann. § 8.2–201(1) (1950). Defendants' demur to Count II must be sustained for the similar reason that Plaintiff's exhibit "A" does not evidence a new promise to pay in writing of the individual defendant, Samir Mehra. The Plaintiff is granted leave to amend, if he can, the Amended Motion for Judgment within twenty-one days from the date of entry of the order reflecting this opinion.

---

[1] Indeed, it appears that the maxim *expressio unius est exclusio alterius* would apply to the issues and statute which is dispositive of this demurrer. Under this maxim, if a "statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded." Black's Law Dictionary 581 (6th ed. 1990).