## CIRCUIT COURT OF ACCOMACK COUNTY

Turner Sculpture, Ltd.

v.

Geographics, Inc.

January 5, 2000

Case No. (Law) 99CLI35

BY JUDGE GLEN A. TYLER

In this action at law, the Court must decide whether to grant a stay of these proceedings pending litigation in the Superior Court of Fulton County, Georgia.

Geographics, Inc., a Georgia corporation, as plaintiff, filed a lawsuit in Fulton County, Georgia, on March 26, 1999, against Turner Sculpture, Ltd., a Virginia corporation, as defendant. Turner filed its answer and counterclaim in Georgia on May 13, 1999. That matter has proceeded through substantial completion of the discovery process and is ready to be set for trial.

Turner Sculpture, Ltd., as plaintiff, filed a lawsuit in this Court on September 27, 1999, against Geographics, Inc., as defendant. Geographics filed its motion for stay of proceedings here on November 10, 1999.

The proceedings in the respective state courts are civil actions in which both parties are represented by counsel. The parties are the same. The subject matter in both lawsuits is the same. The issues are the same. The lawsuit in Georgia is at an advanced stage relative to the Virginia action. There is the likelihood of complete relief in Georgia if that action proceeds, and there would then be the possibility of res judicata or collateral estoppel relative to the Virginia action. No issue questioning jurisdiction in Georgia has been raised.

Geographics urges the Court to exercise its discretion and grant a stay of the Virginia lawsuit pending completion of the Georgia action in order to

avoid an unfair burden of litigation in a multiplicity of forums. Turner urges the Court to exercise its discretion to permit the Virginia lawsuit to proceed simultaneously because of a lack of comity in Georgia. And Turner bases its defense to the motion upon a Georgia statute. The general rule regarding a stay of proceedings in state courts is set out in Am. Jur. 2d, *Actions*, § 78 (1994):

> An action in state court may be stayed pending the outcome of another action involving the same parties or subject matter which is pending in the courts of another state or of a foreign country. The grant of a stay under such circumstances is within the discretion of the court and is not a matter of right. Considerations relevant to the grant or denial of the stay include comity, the desirability of avoiding a multiplicity of forums, whether the foreign litigation is at an advanced or preliminary stage, the likelihood of obtaining complete relief in the foreign jurisdiction, and the possibility that a judgment entered in the foreign jurisdiction will give rise to collateral estoppel or will render the matter before the court res judicata. Where a prior foreign action involves the same parties and the same issues and is pending before a court capable of doing prompt and complete justice, the court's discretion may be freely exercised in favor of a stay.

The subject is also fully covered in an annotation in 19 A.L.R. 2d 301 (1951).

It was supposed at the hearing on Geographics' motion that there is no Virginia Supreme Court case on the subject. However, there is dictum in *Davis v. Morriss' Ex'ors.*, 76 Va. 21, 27 (1881), to the effect that the law of Virginia is the same as the general rule. No recent Virginia Supreme Court decision has been found.

It may be noted that in *Potomac Savings Bank, F.S.B. v. Lewis*, 25 Va. Cir. 184 (1991), the Court indicated that there would need to be sufficient evidence upon which a court can make a decision relative to the various factors to be considered. In this case, not only did Geographics provide the Court with full Georgia documentation as exhibits to its motion and memorandum, but counsel for both parties agreed that all of the necessary factors were present in order to grant a stay, except that Turner contends there is no comity.

Regarding comity, it will be remembered that while comity is one factor to be considered, it is not the principal reason why a stay should or should not be granted. The reason for the exercise of discretion is to prevent multiple lawsuits and vexatious litigation where there is no legitimate advantage which

the plaintiff in the subsequent litigation could gain by litigating in more than one jurisdiction. To fail to grant a stay in such circumstances would be an abuse of discretion. Furthermore, the Georgia statute which Turner cites, O.C.G.A. § 9-2-46, does not necessarily establish that Georgia would not grant a stay if the tables were turned. That Statute is one that deals with priority of docketing such a case for whatever matters may be heard, not with how a decision on a motion for stay should be decided in Georgia on the merits.

A stay of the Virginia action would promote judicial efficiency, and it appears that the parties will have adequate, prompt, and reasonably convenient relief in Georgia. Turner has not demonstrated that it will be prejudiced as a result of a stay in Virginia.

The motion for stay is granted.