## CIRCUIT COURT OF FAIRFAX COUNTY

SettlementRoom, L.L.C.

v.

Certified Environments, Inc.,
and Gregory Paulay

February 14, 2005

Case No. C192478

BY JUDGE GAYLORD L. FINCH, JR.

This matter came on Defendant Gregory Paulay's Demurrer to the Bill of Complaint and on the motion of all Defendants for a Stay pending the outcome of a similar action now before the Circuit Court for Montgomery County, Maryland. Arguments on both issues were heard before the Court on January 21, 2005. After reviewing the pleadings and considering counsels' arguments, the Court reaches the findings and conclusions stated below.

*Background*

Plaintiff SettlementRoom, L.L.C. (SettlementRoom), a Virginia limited liability company, claims to have entered into a software license agreement and a consulting agreement with Defendant Certified Environments, Inc. (CEI), a Maryland corporation, in July of 2002. SettlementRoom filed a Bill of Complaint on October 8, 2004, against CEI alleging breach of both the license and consulting agreements and requested injunctive relief, damages, and *quantum meruit*. SettlementRoom alleges Defendant Gregory Paulay is jointly

liable for CEI's obligations under both the license and consulting agreements as President, sole shareholder, officer, and agent of CEI.

Defendant Paulay demurs to all counts of the Bill of Complaint claiming that it fails to allege a cause of action against him because liability is based on Paulay's being an officer and agent of CEI and is not based on Paulay's being a party to either the license or the consulting agreements.

Defendant CEI had previously filed a complaint against SettlementRoom and others on July 14, 2004, in Montgomery County, Maryland, seeking damages for breach of the consulting agreement. All Defendants now requested a stay of the Virginia proceedings pending the outcome of the Maryland case.

*Demurrer*

For the purpose of demurrer, the Court is required to consider all the facts alleged in or reasonably inferable from the Bill of Complaint as being true. *West Alexandria Properties, Inc. v. First Va. Mtg. & Real Estate Inv. Trust,* 221 Va. 134, 136, 267 S.E.2d 149 (1980). In order to survive demurrer, a Bill of Complaint "must set forth the essential facts, not conclusions of law which constitute the foundation in law, of the judgment to be asked, and this must be done with sufficient definiteness to enable the court to find the existence of a legal basis for its judgment." *Moore v. Jefferson Hospital, Inc.,* 208 Va. 438, 440, 158 S.E.2d 124 (1967).

The Bill of Complaint alleges that CEI entered into agreements with SettlementRoom, that the agreements were finalized in SettlementRoom's offices in Virginia, that CEI is a Maryland corporation not authorized to transact business in Virginia, and that Paulay is the President and agent of CEI. The alleged agreements consisted of a software license agreement and a consulting agreement, both agreements being attached to the Bill of Complaint as exhibits A and B respectively. However, the Bill of Complaint does not allege that Paulay individually entered into the agreements nor does his signature appear on either of the attached exhibits.

Defendant Paulay argues that SettlementRoom's only basis for liability against him is that "CEI regularly conducts business in Virginia, although it is not authorized to transact business in Virginia," and that "as a result, Defendant Paulay, as an agent and officer of the corporation, is jointly liable for CEI's obligations under the license and consulting agreements." (Bill of Complaint ¶¶ 5, 6.) CEI argues, however, that there are specific allegations against Paulay in that Paulay "distributed the Code to other entities in which

he has ownership interests, in breach of the restrictions contained in the License Agreement." (Bill of Complaint ¶ 15.)

The license agreement attached to the Bill of Complaint purports to be entered into "by and between" SettlementRoom, L.L.C., and Certified Environments, Inc., and the consulting agreement identifies CEI as the "Company" obtaining the consulting services. It is only the signature block on the license agreement that identifies Paulay as the President of CEI. While the agreements do not specifically bind Paulay as an individual and neither agreement is actually signed by Paulay, they do purport to bind CEI as a corporation.

Defendant CEI as a corporation is a legal entity independent of its officers or shareholders, and this independence is a basic component of corporate law. *O'Hazza v. Executive Credit Corp.*, 246 Va. 111, 115, 431 S.E.2d 318 (1993). SettlementRoom's argument that Paulay is the President and sole shareholder does not in and of itself render Paulay liable for CEI's obligations. Ignoring the separate existence of a corporation and imposing personal liability on shareholders for obligations of the corporation is an extraordinary act to be taken "only when necessary to promote justice." *Id.* The Bill of Complaint does not contain allegations or complaints sufficient to pierce CEI's corporate structure and touch Paulay as a shareholder.

The Bill of Complaint alleges liability in Paulay in that he is an agent for CEI. However, those claims still do not allege any individual agreement between CEI and Paulay, only that Paulay as President was an agent for CEI and thus liable for his actions under the agreements. However, "where an agent makes a full disclosure of the fact of his agency, and the name of his principal, and contracts only as the agent of the named principal, he incurs no personal responsibility." *Richmond U. P. R. Co. v. New York S. B. R. Co.*, 95 Va. 386, 395, 28 S.E. 573 (1897). The agreements do not identify Paulay as an individual but only as President of CEI. So even if Paulay had signed the agreements as "President" of CEI, he is an identified agent and there is still no individual liability as to Paulay attached to either contract.

SettlementRoom claims to allege independent liability in Paulay because, as President of CEI, he distributed the licensed software to other companies he also owned and thus violated the license agreement. While there is no specific contract liability, "under Virginia law, an agent can be held liable for negligent performance of a contract to which he is not a party, but to which his principal is a party." *Allen Realty Corp. v. Holbert*, 227 Va. 441, 450, 318 S.E.2d 592, 597 (1984). However, even if the agent's negligence is established, absent privity of contract, Virginia's economic loss doctrine precludes the recovery of damages based on economic loss alone. *Id.* "In the

absence of privity, a person cannot be held liable for economic loss damages caused by his negligent performance of a contract." *Gerald M. Moore & Son, Inc. v. Drewry*, 251 Va. 277, 280, 467 S.E.2d 811 (1996). In the case at bar, there is no specific allegation of negligent performance by Paulay, but, even if there were, the economic loss doctrine would preclude recovery based on economic damages alone.

SettlementRoom also claims that Paulay is liable because CEI is a Maryland corporation not authorized to do business in Virginia. However, a foreign corporation is still a corporation even though it might not be domesticated. *PC-Expanders v. Subsystem Techs.*, 28 Va. Cir. 231, 233-34 (1992). If an entity is no corporation at all, the individuals who conduct its affairs might be personally liable for their acts, but in the case of an undomesticated foreign corporation there is still a need to find statutory liability before a court can impose individual civil liability. *Id.*

SettlementRoom has made allegations that CEI is a foreign corporation not authorized to transact business in Virginia. While liability in that case is available, it is limited to the possibility of statutory liability imposed by Va. Code § 13.1-758(D) (1986). While the Virginia Stock Corporation Act does specify the consequences of transacting business without authority, it does not include among those consequences the imposition of individual civil liability to private parties. *PC-Expanders*, 28 Va. Cir. at 234. Under the Statute, liability in the form of a penalty of not less than $500 and not more than $5,000 may be imposed on an officer, director, or employee of a foreign corporation that does business in Virginia without obtaining a certificate of authority if that individual knows that a certificate is required. Va. Code § 13.1-758(D) (1986).

However, SettlementRoom in its Bill of Complaint has not alleged violation of the Statute, their pleadings do not include facts to support each element of a claim for a statutory violation, and they do not include the statutory penalty as damages.

SettlementRoom has not pleaded a cause of action and does not allege facts upon which relief can be granted as to Defendant Paulay. It has not alleged sufficient facts to hold Paulay individually liable for CEI's corporate obligations, nor has it pleaded a cause of action for statutory liability under § 13.1-758(D). Therefore, the Court sustains Defendant Paulay's Demurrer as to all counts, and SettlementRoom is granted leave to amend its Bill of Complaint within fourteen days of the date of the order included with this ruling.

## Stay

The granting of a stay pending the outcome of an action in another court is in the sound discretion of the Court and is based on consideration of factors including the identity of the parties and issues in both actions, the time of filing, promotion of judicial efficiency, and possible prejudice to a party as a result of the stay. *Potomac Sav. Bank, F.S.B. v. Lewis*, 25 Va. Cir. 184, 185 (1991).

Defendants CEI and Gregory Paulay argue that motion to stay the Virginia proceedings should be sustained because: (1) the subject matter is the same Consulting agreement that is the subject matter of the Maryland action; (2) the License Agreement referred to in the Virginia proceedings is intricately related to the Consulting agreement and therefore SettlementRoom will be permitted to raise any claims or issues related to the License agreement in the Maryland litigation; (3) the other claims asserted in the Virginia litigation can be raised as counterclaims in the Maryland litigation; and (4) a stay serves judicial economy and orderly administration because it will prevent duplicative litigation.

The primary issue in this request to stay the Virginia proceeding is the likelihood of SettlementRoom being able to obtain complete relief of their cause of action in the Maryland court. While CEI and SettlementRoom are both parties to the actions in both courts, the Maryland case has an additional party not in the Virginia case and, if SettlementRoom amends their pleading, their Virginia case could have an additional party not in the Maryland case.

Perhaps of greater concern are the issues in the two cases. The Maryland case, according to what was represented to the Court, is limited to the issue of damages resulting from breach of the consulting agreement, and the issue of the license agreement is not now before the Maryland court. SettlementRoom, in its Virginia case, has requested an injunction on use of the software licenses and for damages stemming from breach of the license agreement in addition to damages from breach of the consulting agreement. Aside from a suggestion that a counterclaim could be filed, CEI in its Motion to Stay did not present to the Court evidence that resolution of the Maryland case could afford any relief to SettlementRoom on the issue of an injunction on the license agreement. It is the responsibility of the parties to present sufficient evidence to the Court on prejudice, or the lack there of, that might arise from proceeding first in another court. *Id.* In fact the Court in *Turner* specifically pointed out that "Geographics provide the Court with full Georgia documentation as exhibits to its motion and memorandum." *Turner Sculpture, Ltd. v. Geographics, Inc.*, 51 Va. Cir. 178, 179 (2000). While CEI did provide a copy of the Maryland

complaint, there was no evidence presented that SettlementRoom could obtain injunctive relief on the license agreement.

Staying the possibility of injunctive relief has a potential for prejudice to SettlementRoom that outweighs the potential judicial economy presented to the Court. The Defendant's Motion to Stay the current action is denied.

## Order

This matter came before the Court on January 21, 2005, on Defendant Gregory Paulay's Demurrer to the Bill of Complaint and on the motion of all Defendants for a Stay. For the reasons stated in this Court's letter dated February 14, 2005, which is attached hereto and made a part hereof, it is hereby ordered that the Demurrer of Defendant Gregory Paulay is sustained and that Complainant SettlementRoom, L.L.C., is granted leave to amend its Bill of Complaint within fourteen days of the date of this order. It is further ordered that the Defendant's Motion for a Stay is Denied.