## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Gebrekidan

v.

Riley

October 1, 2007

Case No. CL07002830

BY JUDGE LISA B. KEMLER

Before the Court is the Defendant's Motion to Stay the proceedings in the above-referenced matter pending final resolution of criminal charges brought against the Defendant that arise out of the same facts and circumstances. The present action is a suit for personal injuries resulting from a car accident in which the Defendant was the driver and the Plaintiff was injured. The accident occurred on January 26, 2006. On July 31, 2006, the Defendant was convicted of driving while under the influence and reckless driving, and his convictions are currently on appeal in the Virginia Court of Appeals. At the criminal trial, evidence was introduced that, at the time of the accident, the Defendant had four times the normal prescription dose of Ambien, a sleep aid, in his blood. The Defendant testified, *inter alia*, that he routinely took Ambien without a prescription and that he obtained samples of Ambien from doctors' offices and from "colleagues," some of whom sold pharmaceuticals. The Defendant's fiance testified that he had a briefcase containing samples of Ambien. The Plaintiff filed this civil suit on July 23, 2007, and now seeks to depose the Defendant, seeking, in part, to obtain the identities of the "colleagues" who sold him the Ambien in order for the Plaintiff to determine whether there are other responsible parties who should be proceeded against in this civil suit. In addition, the Plaintiff wants to know whether the samples found in the Defendant's briefcase are still in existence as

the containers would likely contain information identifying their source. The statute of limitations expires in less than four months. For the reasons set forth below, the Defendant's motion is granted in part and denied in part.

The Fifth Amendment states that no person "shall he compelled in any criminal case to be a witness against himself. . . ." In *North Am. Mort. v. Pomponio*, 219 Va. 914, 918, 252 S.E.2d 345, 348 (1979), the Court noted that "[t]here is no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings." (Citation omitted.) While a party to a civil case may invoke the privilege against self-incrimination, "[t]he privilege must be specifically claimed on a particular question and the matter submitted to the court for its determination of the validity of the claim." *Id*. In deciding whether to grant a stay pending the outcome of action in another court, factors for consideration include the identity of the parties and issues in both actions, the time of filing, promotion of judicial efficiency, and possible prejudice to a party if the stay is granted. *Potomac Savings Bank, F.S.B. v. Lewis*, 25 Va. Cir. 184 (Fairfax 1991).

The Defendant waived his Fifth Amendment right against self-incrimination and testified in his own behalf in the criminal case, the facts of which are the same as those that underlie this civil case. At argument on the motion, the Plaintiff limited the discovery she seeks at this time to the identity of the doctors' offices and the individuals from whom the Defendant obtained the Ambien and to whether the samples found in his briefcase still exist and, if so, information on the sample containers, such as the lot numbers. In light of the fact that the statute of limitations will likely expire before the Defendant's appeal of his criminal convictions is completed and the fact that the Defendant waived his Fifth Amendment right by testifying in the criminal trial and admitted that he obtained the Ambien from doctors' offices and colleagues, the Defendant's motion to stay the proceedings in this civil case pending the outcome of his appeal is denied with the exception that the Defendant's deposition and responses to interrogatories shall be limited *at this time* to requiring the Defendant to provide discovery identifying the source of the Ambien he obtained and providing the information sought by Plaintiff about the existence of samples found in his briefcase and specific information on the containers of those samples.