### Richmond

## ALLEN REALTY CORPORATION

### V.

## BILLY R. HOLBERT, ET AL.

Record No. 812041.

June 15, 1984.

Present: All the Justices

442

*Charles R. Waters, II (Joseph R. Mayes; Kaufman & Canoles,* on brief), for appellant.

*Alan B. Rashkind; John Franklin, III (Furniss, Davis and Rashkind; Taylor, Walker & Adams,* on briefs), for appellees.

COCHRAN, J., delivered the opinion of the Court.

Allen Realty Corporation (Allen) filed an amended motion for judgment in the trial court against Billy R. Holbert and A. Lee Rawlings & Co. (Rawlings). Allen alleged in Counts ONE,

THREE, FOUR, and FIVE, respectively, breach of fiduciary duty, tortious interference with Allen's contractual relations, deceit, and negligence on the part of Holbert and Rawlings. In addition, Allen alleged in Count TWO conspiracy on the part of Holbert to harm Allen's business. Based on the allegations, Allen sought damages from Holbert and Rawlings jointly and severally in the amount of $36,694 on all counts except the conspiracy count, for which Allen sought $110,082 in compensatory damages from Holbert alone. Allen also sought $100,000 in punitive damages from Holbert.

Holbert and Rawlings filed demurrers to the amended motion for judgment. After a hearing, the trial court sustained the demurrers and dismissed the action as to Rawlings by order entered September 1, 1981. The trial court dismissed the action as to Holbert by order entered September 24, 1981, with leave to Allen to file a second amended motion for judgment against Holbert on Counts TWO and THREE, conspiracy and interference with Allen's contractual relations, respectively. Allen elected not to file a second amended motion for judgment. On appeal, Allen contends that the amended motion for judgment stated a cause of action and that the trial court erred in sustaining the demurrers. In light of the facts alleged in the amended motion for judgment, which we will summarize herein, we agree with Allen's contention.

Holbert was an accountant employed by Rawlings, a firm of certified public accountants. Allen, a corporation engaged in buying and selling real estate, hired Rawlings to provide accounting services, "tax and general business advice . . . and to assist in the liquidation of Allen, which liquidation involved the sale of the real properties" of Allen. On January 23, 1980, Allen authorized its officers to sell approximately 40 parcels of real estate, comprising substantially all its assets. Acting for Rawlings, Holbert advised Allen to sell the property before July 1, 1980, and sought purchasers, including one Carl Kunzman.

The Norfolk Redevelopment and Housing Authority (the Authority) was interested in the property and sent Allen written offers dated June 9, 1980, for certain parcels. Shirley Roberts, an Allen employee who received the offers, showed them to Holbert. Under Holbert's instructions, Roberts did not disclose the offers to Allen's president, who was then in a hospital, or to any officer, director, or stockholder of Allen, nor did Holbert do so. Roberts received offers dated June 18, 1980, from the Authority for other

parcels but neither she nor Holbert disclosed these offers to the president (who was still hospitalized) or any officer, director, or stockholder of Allen.

On June 17, 1980, when Roberts and Holbert knew that the Authority's offers had not been disclosed, Roberts, with "indirect instruction" from Holbert, presented to Allen's president a contract to sell for $75,000 all the parcels to Arlert, Ltd., a company of which Kunzman was president. The contract was rejected by Allen's stockholders because, among other things, Kunzman would not guarantee it or reveal the names of his principals. On June 20, 1980, Allen sold all the parcels to W. Jon Wilkins and Barclay Winn.

After the sale, Allen learned that Kunzman and Holbert were "old friends," that Holbert had instructed Roberts to cooperate with Kunzman, and that Kunzman had directed Roberts to take the Arlert contract to Allen's president in the hospital. Allen also learned that Holbert had given Kunzman advice on incorporating, that one of the incorporators was believed to be Holbert's former wife, whose address was the same as that of a business service in which Holbert had an interest, and that Kunzman, in trying to obtain financing, represented that Holbert was his partner.

Allen alleged that it relied on Holbert to inform it of any outstanding offers prior to liquidation. Allen further alleged that it would not have sold its property to Wilkins and Winn had it known of the Authority's offers, which, if accepted, would have increased the proceeds of the sale by at least $36,694. In Counts ONE, THREE, and FOUR, Allen alleged that Holbert's acts and omissions violated his fiduciary duty to Allen, tortiously interfered with Allen's contractual relations, and perpetrated deceit upon Allen, respectively, and that each violation was "a natural incident to the scope of his employment as an employee of Rawlings and while within the apparent authority of Holbert." Allen alleged in the alternative, in Count FIVE, that Holbert, while within the scope of his employment, negligently breached his duty to disclose the Authority's offers to Allen.

### 1. Imputation of Shirley Roberts's knowledge to Allen.

Holbert and Rawlings argue that Allen cannot complain of Holbert's failure to disclose the Authority's offers when the amended motion for judgment alleged that Allen's employee,

Shirley Roberts, received the offers. They say that her knowledge was imputable to Allen, her employer.

As a general rule, the knowledge of an agent is imputed to his principal. *Fulwiler* v. *Peters*, 179 Va. 769, 776, 20 S.E.2d 500, 502 (1942). There are, however, two exceptions to the rule. The agent's knowledge will not be imputed to the principal if (1) the agent's behavior raises a presumption that he would not report the information to the principal, or (2) the agent is acting out of a personal motive or interest that is adverse to the principal's interest. *Id.*

Allen's allegations, if taken as true, are sufficient to raise a presumption that Roberts would not report the Authority's offers to her principal. Allen alleged that Roberts refrained from disclosing the offers upon Holbert's "advice and instruction." Allen further alleged that Holbert instructed Roberts not to disclose the offers at a time when he knew Kunzman was negotiating for the properties.

There is no merit to the contention that the amended motion for judgment failed to allege that the later offers received by Roberts were shown to Holbert. Allen alleged that the offers were received by Roberts and that she and Holbert failed to disclose them to any officer, director, or stockholder of Allen. The plain inference to be drawn is that Holbert was aware of these offers, and that he knew that Roberts continued to act under his earlier instructions not to reveal the offers to Allen's management. This brings the allegations within the purview of the first *Fulwiler* exception. At the demurrer stage, Roberts's knowledge was not imputable to Allen and the demurrers were not sustainable on this ground.

## 2. Count ONE: Breach of fiduciary duty.

We have said that there is a fiduciary relationship "when special confidence has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence." *H-B Partnership* v. *Wimmer*, 220 Va. 176, 179, 257 S.E.2d 770, 773 (1979). Incident to the relationship, the fiduciary must tell his principal about anything "which might affect the principal's decision whether or how to act." *Owen* v. *Shelton*, 221 Va. 1051, 1054, 277 S.E.2d 189, 191 (1981). In *Owen*, the seller's real estate agent violated his fiduciary duty by closing a sale without disclosing to the sellers

that the buyers reserved the right to litigate the sellers' entitlement to interest.

■ Although we have not passed on the question, there is no reason that, depending on the facts, an accountant may not be held to be a fiduciary, and courts in other jurisdictions have so held. In *Cafritz* v. *Corporation Audit Co.*, 60 F. Supp. 627 (D.D.C. 1945), plaintiff hired an accounting firm, of which one Robins was general manager and executive officer. The firm failed to deposit certain of plaintiff's checks in the bank, Robins being actively involved in this failure. Plaintiff brought an action for discovery and accounting against the firm and against Robins's wife individually and as administratrix of his estate. The court held, *inter alia*, that the accounting firm and Robins were fiduciaries as to plaintiff. *Id.* at 634. In so holding, the court stated that the existence of a fiduciary relationship is a question of fact, and that "an accounting party" may be a fiduciary "because of money or property intrusted to him." *Id.* at 631. *See also Squyres* v. *Christian*, 242 S.W.2d 786 (Tex. Civ. App. 1951); *cf. Franklin Supply Co.* v. *Tolman*, 454 F.2d 1059 (9th Cir. 1971).

■ Allen's amended motion for judgment was sufficient to raise a question of fact as to whether Holbert occupied a fiduciary relationship to Allen and breached his fiduciary duty. Allen alleged that Rawlings was employed to act through Holbert to assist in Allen's liquidation, which involved the sale of Allen's real estate, and that Allen relied on Holbert to inform it of any outstanding offers before the liquidation. It was not necessary, as the trial court apparently believed, for Allen to allege that Rawlings was specifically employed to receive and transmit offers to purchase the corporate real estate. It was sufficient for Allen to allege that Rawlings, acting through Holbert, was employed to assist in liquidating the real estate, from which a reasonable inference could be drawn that acquisition of knowledge of offers and discussion of the offers would be a routine part of the employment. The allegation was sufficient, therefore, to state a cause of action against Holbert and the trial court erred in sustaining his demurrer.

■ The amended motion for judgment did not specifically allege that Rawlings directly breached its fiduciary duty. Allen sought to hold Rawlings responsible for Holbert's acts on the theory that those acts were incident to the scope of Holbert's employment and within his "apparent authority."

Two of our cases are relevant to this theory. In *Jefferson Standard Life Insurance Co.* v. *Hedrick*, 181 Va. 824, 27 S.E.2d 198 (1943), defendant's agent falsely told plaintiff that he had sent plaintiff's loan application to defendant's home office. Affirming a judgment against defendant, we held that a principal is liable to third persons for wrongful acts an agent commits within the scope of his employment, even if the principal does not approve or know of the misconduct, for the principal holds his agent out as trustworthy. *Id.* at 834, 27 S.E.2d at 202.

In the other relevant case, *Dudley* v. *Estate Life Insurance Co.*, 220 Va. 343, 257 S.E.2d 871 (1979), we considered the question of scope of authority in respect to a fraud perpetrated by an agent. Defendant's agent lured plaintiffs into a fraudulent insurance sales scheme, then absconded with their money. At the conclusion of plaintiff's evidence, the trial court granted defendant's motion to strike the evidence and entered summary judgment for defendant. On appeal, we rejected defendant's contention that since the agent committed the fraud solely for his personal gain, he acted beyond the scope of his authority. We held that plaintiffs had made a *prima facie* case. Approving principles set forth in Restatement (Second) of Agency, §§ 261 and 262, as being in accord with principles already established in Virginia, we explained that defendant had put the agent in a position that facilitated the fraud by giving him credentials indicating to the public that he was a legitimate agent. *Id.* at 349-52, 257 S.E.2d at 875-76. We could not say as a matter of law that plaintiffs had notice that the agent was acting for his own purposes. *Id.* at 351, 257 S.E.2d at 876. We pointed out that an agent is not *ipso facto* acting outside his authority merely because he is "acting fraudulently for his own benefit." *Id.* at 353, 257 S.E.2d at 877. *See also In Matter of F. W. Koenecke & Sons, Inc.*, 605 F.2d 310 (7th Cir. 1979).

Allen's allegation was sufficient to charge that Holbert acted within the scope of his employment, as Rawlings held him out as trustworthy and put him in a position to conceal the Authority's offers from Allen. The trial court erred, therefore, in sustaining the demurrer of Rawlings.

### 3. Count TWO: Conspiracy to harm business.

The second count of the amended motion for judgment, which alleged conspiracy, was directed against Holbert but not

against Rawlings. To recover in an action for conspiracy to harm a business, the plaintiff must prove (1) a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business, and (2) resulting damage to plaintiff. Code §§ 18.2-499, -500; *see Gallop v. Sharp*, 179 Va. 335, 338, 19 S.E.2d 84, 86 (1942).

Holbert argues that Allen's alleged loss did not result from any actions in concert by Holbert and Kunzman, because ultimately the sale was made to others. Nevertheless, Allen alleged that it would not have sold its property for the price obtained if it had known of the Authority's offers, and that there was resulting specified damage. The conspiracy to suppress the offers, therefore, whether taking the form of agreement between Holbert and Kunzman, or Holbert and Roberts, or all three, could have been the proximate cause of damage to Allen. The allegation of conspiracy was sufficient to withstand a demurrer, and the trial court erred in ruling to the contrary.

### 4. Count THREE: Tortious interference with Allen's contractual relations.

We have not decided any cases based upon interference with a prospective contract, but courts in other jurisdictions have recognized such a cause of action. *See* Annot., 6 A.L.R.4th 195 (1981). The cause of action arises from an intentional, improper interference with another's contractual relations, and this interference must (1) induce or otherwise cause a third party not to enter into a prospective contract with the plaintiff, or (2) prevent the plaintiff from entering into a contract. *Id.* at 201. *See Fairmont Foods Co.* v. *Manganello*, 301 F. Supp. 832, 838 (S.D.N.Y. 1969).

The third count of Allen's motion for judgment sufficiently alleged that Holbert interfered with Allen's prospective contractual relations by preventing Allen from entering into a contract with the Authority. Consequently, it was sufficient to withstand demurrers by Holbert and Rawlings. As we have previously stated, the fact that the sale of Allen's realty was made to innocent third parties does not necessarily insulate Holbert from liability, and the liability of Rawlings was based upon its having placed Holbert in a position to victimize Allen.

### 5.  Count FOUR: Deceit.

Allen made a sufficient allegation of deceit against Holbert and Rawlings. Concealment of a material fact by one who knows that the other party is acting upon the assumption that the fact does not exist constitutes actionable fraud. *Clay* v. *Butler*, 132 Va. 464, 474, 112 S.E. 697, 700 (1922).

In the present case, the amended motion for judgment alleged that Holbert caused the Authority's offers to be concealed from Allen. Since these offers were for the purchase of Allen's assets, they were material to Holbert's dealings with Allen, and the amended motion for judgment alleged that Allen would not have sold its property to Wilkins and Winn for the price obtained had it known about the Authority's offers. Thus Allen sufficiently alleged deceit by claiming that Holbert concealed a material fact—the Authority's offers—knowing that Allen was acting on the assumption that this fact did not exist. This alleged deceit could have damaged Allen, even though Allen sold its realty to innocent third parties.

The allegation of deceit was also sufficient with respect to Rawlings, for as we have noted earlier, Rawlings put its agent, Holbert, in a position to withhold information concerning the Authority's offers.

We hold that the trial court erred in sustaining the demurrers as to Allen's allegation of deceit.

### 6.  Count FIVE: Negligence.

Allen alleged, in the alternative, that Holbert, while acting within the scope of his employment, was negligent in failing to disclose the Authority's offers. The allegation was sufficient to withstand demurrers by Holbert and Rawlings. Allen claimed that Holbert, while acting within the scope of his employment, had a duty to disclose the Authority's offers, that he breached that duty by failing to disclose the offers, and that this breach of duty was the proximate cause of damage to Allen. Allen has, therefore, stated a cause of action for negligence against Holbert. In addition, Allen has stated a cause of action against Rawlings, since a principal is liable for negligent acts that its agent commits within the scope of his employment. *See Jefferson Standard Life Insurance Co.* v. *Hedrick*, 181 Va. 824, 834, 27 S.E.2d 198, 202 (1943).

### 7. Conclusion.

For the reasons assigned, we will reverse the judgments of the trial court sustaining the demurrers and dismissing the action and we will remand the case for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*