## CIRCUIT COURT OF FAIRFAX COUNTY

Trashbusters, Inc.

v.

AAA Disposal Services, Inc., et al.

February 28, 1992

Case No. (Law) 107091

By Judge Michael P. McWeeny

This matter is before the Court on defendants Rainbow Industries, Inc., and AAA Disposal Service, Inc.'s Demurrers to the Motion for Judgment filed by Trashbusters, Inc. After hearing oral argument, the Court took the case under advisement to consider the memoranda submitted and relevant case law. As set forth more fully below, the demurrers are sustained in part and overruled in part.

### Count I

Count I contains a monopolization charge against AAA and attempted monopolization charges against both AAA and Rainbow. AAA demurs to the monopolization charge on the basis that there has been no allegation of a market share greater than fifty percent, no allegation of the number of competitors in the market, and an admission that Rainbow is in the market. Both defendants have demurred to the attempted monopolization charges for the reason that there has been no allegation of market share, an admission that there is at least one other competitor in the market, and no allegation that any other major firms will be destroyed as opposed to plaintiff and other small firms. Additionally, Rainbow demurs to the attempted monopolization charge, arguing that since it has been alleged that AAA is monopolizing the market, a dangerous probability of success cannot be

legally established because of Rainbow's correspondingly small market share.

A monopolization claim consists of three elements: (1) possession of monopoly power in the relevant market; (2) willful acquisition or maintenance of that power; and (3) causal antitrust injury. *Hunt-Weston Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 924 (9th Cir. 1980). Whether monopoly power exists depends on a variety of factors. *Id.* Market share is not the sole indicator of monopoly power, but its existence may permit the inference of market power. *See, Id.* The precise market share a defendant must control, absent supporting evidence of monopoly power, remains undefined. *Domed Stadium Hotel, Inc. v. Holiday Inns, Inc.*, 732 F.2d 480, 489 (5th Cir. 1984). Absent special circumstances, however, a defendant must have a market share of at least fifty percent before he can be guilty of monopolization. *Id.*

An attempt to monopolize requires three elements: (1) a specific intent to monopolize; (2) predatory or anti-competitive conduct directed to accomplishing the unlawful purpose; and (3) a dangerous probability of success. *Falstaff Brewing Co. v. Stroh Brewing Co.*, 628 F. Supp. 822, 828 (N.D. Cal. 1986). The ultimate inquiry in any attempted monopolization case remains whether the defendant has or reasonably might come close to having the ability to control total market output and prices. *Indiana Grocery, Inc. v. Super Value Stores, Inc.*, 864 F.2d 1409, 1414 (7th Cir. 1989).

A defendant must have some legally sufficient share of the market before he approaches the level of dangerous probability of success. *Domed Stadium*, 732 F.2d at 490. While clearly anticompetitive conduct coupled with a specific intent may pose such a threat to competition that it should be condemned regardless of the market power of the actor, when the actions complained of are not *per se* anti-competitive, there is a minimum market share necessary to possess market power. *Falstaff*, 628 F. Supp. at 829. A share of less than the fifty percent generally required for actual monopolization may support a claim for attempted monopolization if other factors such as concentration of market, high barriers to entry, consumer demand, strength of the competition, or a consolidation trend in the market are present. *Domed Stadium*, 732 F.2d at 490.

The Court finds that insufficient facts have been pleaded to state a cause of action for monopolization against AAA. Neither a specific

market share nor other special circumstances in lieu of such allegation have been pleaded to support the conclusion that AAA has monopoly power in the relevant market. Additionally, the court finds that insufficient facts have been pleaded in the Motion for Judgment to support the element of a dangerous probability of success required for attempted monopolization. There must be either some indication of market share or other particular market factors alleged, given the admission of the existence of at least one other competitor alleged to be or attempting to be a monopolist.

## Count II

Count II alleges a conspiracy to monopolize, divide markets and injure competition between AAA and Rainbow. Defendants demur to this Count on several grounds. First, no market share allegations have been pleaded. Next, plaintiff lacks standing to bring such an action because the market division alleged cannot injure a rival firm but rather benefits it. Additionally, the cooperative activities alleged are not illegal and do not injure the plaintiff. Finally, there are insufficient facts to support the allegation that the defendants agreed to exclude the plaintiff from the market.

With regard to the first argument, a conspiracy claim requires a showing of some concerted action among two or more persons or distinct business entities, which is intended to harm or unreasonably restrain competition and some adverse effect on competition caused by the concerted action. *Falstaff*, 628 F. Supp. at 826. In a conspiracy claim, no particular level of market power or "dangerous probability of success" has to be alleged or proved where the specific intent to monopolize is otherwise apparent from the character of the action taken. *Hunt-Wesson*, 627 F.2d at 926. Where actions are ambiguous, the existence and extent of market power may make the inference of specific intent from conduct more or less plausible. *Id.* at 927. Thus, the market share of defendants may contribute to the finding of a violation of the statute; however, the absence of such an allegation is not fatal to the cause of action on demurrer since other anti-competitive conduct may contribute as well to proof of the conspiracy alleged.

The Court further finds that the cases cited by defendants for their standing argument are distinguishable from the case a bar. The *Aurora Enterprises* case questioned a plaintiff's standing where the

plaintiff's own syndicator was one of the conspirators in the attempted monopolization scheme; thus plaintiffs were the beneficiaries and not the victims of the attempt. *Aurora Enterprises v. National Broadcasting Co.*, 524 F. Supp. 655, 663, n. 6 (C.D. Cal. 1981). The *Matsushita* case simply held that where the effect of a conspiracy would be to raise the market price or limit output, competitors would actually be benefited because supra-competitive pricing became more attractive. *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 583 (1986). The alleged affect of defendants' actions in the present case is to foreclose competition by eliminating plaintiff and other small firms, providing an injury both to plaintiff and competition.

Plaintiff has repeatedly alleged how the concerted actions of defendants is causing injury to it and other small firm competitors. Moreover, the plaintiff has alleged in the Motion for Judgment how defendants' actions, including the alleged cooperative activities and market allocation practices, injure competition. Whether such practices do indeed injure competition under the facts of this case, considering the geographic and product market involved, and whether they are illegal or were committed with the requisite intent to restrain competition, is an issue of fact which this court will not determine at the demurrer stage. Additionally, the allegation that there was an agreement to exclude plaintiff from the market is sufficient upon demurrer for this cause of action. For these reasons, the demurrer to Count II is overruled.

### Count III

Count III is based upon an alleged violation of Code § 18.2–499. There are two grounds for demurrer to Count III: (1) plaintiff has failed to allege facts in support of malice; the acts alleged are privileged and not malicious as a matter of law due to competitive motives; and (2) plaintiff has failed to allege means or overt acts in furtherance of the conspiracy.

To recover in an action for conspiracy to harm a business, the plaintiff must prove a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business and resulting damage to the plaintiff. *Allen Realty Corp. v. Holbert*, 227 Va. 441 (1984). If the defendant's primary and overriding purpose is to injure the victim in his reputation, trade, business or pro-

fession, and such is motivated by hatred, spite, or ill-will, then malice is established, notwithstanding any other motives to benefit himself or persons other than the victim. *Greenspan v. Osheroff*, 232 Va. 388 (1986). The plaintiff has alleged that the defendants acted maliciously for the purpose of injuring him in his trade or business. This is sufficient on demurrer because it satisfies the pleading requirement. That the defendants may have had other, competitive motives does not preclude as a matter of law a finding of the malice necessary to support this cause of action.

With regard to the second argument, the court finds that the plaintiff has alleged sufficient acts to support the action beyond the demurrer stage. Such allegations include, for instance, the offering of selected discriminatory lower prices and free services to plaintiff's customers, as well as verbal threats to plaintiff's employees, which hindered these employees' efforts to collect trash. The demurrer to Count III thus is overruled.

As set forth above, the demurrers to Counts II and III are overruled, and the demurrers to Count I are sustained. Plaintiff shall have 21 days to amend the Motion for Judgment to allege sufficient facts to support the causes of action set forth in Count I.