## CIRCUIT COURT OF FAIRFAX COUNTY

Beleña

v.

Air Line Pilots' Association

Case No. (Law) 121111

Staessle

v.

Air Line Pilots' Association

Case No. (Law) 121112

Falcon

v.

Air Line Pilots' Association

Case No. (Law) 121113

September 1, 1993

BY JUDGE ROSEMARIE ANNUNZIATA

This matter is before the court on defendants' Demurrer to plaintiffs' Motion for Judgment, which alleges tortious interference with plaintiffs' prospective contractual relations.

Plaintiffs, all members of the Air Line Pilots' Association (ALPA), allege that ALPA interfered with plaintiffs' efforts to be hired by various airlines in retaliation for plaintiffs' continued work for Eastern Airlines during a sympathy strike coordinated by ALPA. Plaintiffs allege, *inter alia*, that defendants "threaten[ed] carriers . . . with reprisals such as loss of jump seat privileges and the inability to utilize major carrier training facilities" should the airlines hire plaintiffs. Plaintiffs

further allege defendants discussed "ramifications" if plaintiffs were hired and avowed to "destroy the career of any pilot that worked during the strike." Plaintiffs allege that they were damaged by defendant's actions by the loss of income, the unsuccessful outcome of their efforts to secure employment, and by resultant anxiety and depression. In evaluating the sufficiency of the allegations on demurrer, the court admits as true all well-pleaded material facts. *Rosillo v. Winters*, 235 Va. 265, 270 (1988). It may also consider in aid of the pleading all reasonable factual inferences fairly and justly drawn from the facts alleged. *Russo v. White*, 241 Va. 23 (1991). Applying this standard to the pleadings before me, I find that plaintiffs have stated a cognizable cause of action for tortious interference with prospective contractual relations within the framework articulated by the Virginia Supreme Court in *Catercorp v. Catering Concepts*, 246 Va. 22 (1993); *Allen Realty Corp. v. Holbert*, 227 Va. 441, 449 (1984); *Glass v. Glass*, 228 Va. 39, 51–4 (1984); *Duggin v. Adams*, 234 Va. 221, 226–27 (1987).

To state a *prima facie* case for intentional interference with established contract rights, a plaintiff must show: "the existence of a valid contractual relationship or business expectancy, knowledge of the relationship or expectancy on the part of the" interferer, "intentional interference inducing or causing a breach or termination of the relationship or expectancy," and resultant damage to the party whose relationship or expectancy has been disrupted. *Catercorp v. Catering Concepts*, 246 Va. at 27–28 (citing *Chaves v. Johnson*, 230 Va. 112, 120 (1985)).

Where a plaintiff seeks recovery for interference with a prospective contract, however, plaintiff must demonstrate both an intentional interference and interference which was improper. *Allen Realty Corp. v. Holbert*, 227 Va. 441, 449 (1984); *Glass v. Glass*, 228 Va. at 53–4; *Duggin v. Adams*, 234 Va. 221, 227 (1987) (applying *Allen Realty* analysis to contracts terminable at will). Defendants contend that plaintiffs have failed to allege improper acts as contemplated by the *Duggin, Glass* and *Allen Realty* decisions. Defendants contend their acts are not improper as a matter of law because, as alleged, they constitute permissible, peaceful and truthful communications by ALPA with plaintiffs' prospective employers, citing *inter alia*, the Restatement (Second) of Torts, § 772 (1965).

I find the defendants' characterization of plaintiffs' allegations to be too narrow. Even truthful statements may be the basis of liability where they transgress common standards of acceptable conduct. *Heckler Chevrolet v. General Motors Corp.*, 230 Va. 396, 402–403 (1985) (by implication) (not prima facie improper for competitors to inform customers truthfully that plaintiff car dealer would no longer market competing product *absent allegations of wrongful means* (emphasis added); *C. R. Bard, Inc. v. Wordtronics Corp.*, 561 A.2d 694 (N.J. 1989); *Bard-Parker Co. v. Crescent Manufacturers Co.*, 20 N.Y.S. 2d 759, 763 (N.Y. Sup. Ct. 1940); Restatement (Second) of Torts, § 772, Cmt. b ("There is of course no liability for interference with a contract or with a prospective contractual relation on the part of one who *merely* gives truthful information to another." Emphasis added.). Thus, it is not enough to sustain the demurrer that defendants may have imparted truthful information to the plaintiffs' prospective employer, particularly where there are allegations of other conduct which is arguably improper. Virginia law describes the conduct that may be considered improper in a number of ways which implicate the need for a fact-specific inquiry. By way of example, "threats," "overreaching," "unfair competition," and "conduct 'below the behavior of fair men similarly situated' " have been identified as improper methods which may support a cause of action for tortious interference with prospective contractual relations. *Duggin*, 234 Va. at 227. In *Glass*, the Virginia Supreme Court found improper conduct to be that which is done "without just cause." *Glass*, 227 Va. at 54. Methods which violate an established standard of a trade or profession may also be improper. *Duggin*, 234 Va. at 227; *C. R. Bard*, 561 A.2d at 698 (citing Restatement (Second) of Torts, § 767, Cmt. a).

Furthermore, under the Restatement view, whether or not specific conduct is improper is not determined by a bright-line test. Rather, it requires balancing many factors and considerations, and ordinarily rests with the trier of fact to accomplish. Restatement (Second) of Torts, § 767, Cmt. 1.

Among the factors the trier of fact may consider and balance include:

> (a) the nature of the actor's conduct;
> (b) the actor's motive;
> (c) the interests of the other with which the actor's conduct interferes;

(d) the interests sought to be advanced by the actor;

(e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other;

(f) the proximity or remoteness of the actor's conduct to the interference and;

(g) the relations between the parties.

*Id.* at § 767.

In consideration of the foregoing analysis, I cannot find that as a matter of law that this cause of action, which is premised in part on allegations that "threats" and "reprisals" were used to interfere with the plaintiffs' prospective contractual relations, is insufficiently pleaded. Accordingly, the demurrer is overruled.