# CIRCUIT COURT OF THE CITY OF NORFOLK

H.E.R.C. Products, Inc.

v.

Joseph R. Turlington et al.

September 17, 2003

Case No. (Chancery) CH03-642

BY JUDGE JOHN C. MORRISON, JR.

This issue comes before the court on defendants' demurrers. Joseph R. Turlington's demurrer is overruled in whole. The demurrers of Accurate Marine Environmental, Inc. (Accurate Marine), Builder Marine, L.L.C. (Builder Marine), Noble and Ann T. Darrow, and John and Diana Domanski are sustained relative to plaintiff's causes of action for breach of confidentiality agreement, breach of fiduciary duty, breach of duty of loyalty, and fraud and are overruled relative to plaintiff's causes of action for civil conspiracy, intentional interference with business expectancy, and violation of the Virginia Uniform Trade Secrets Act (VUTSA). Michael Robinson's demurrer is sustained except relative to plaintiff's civil conspiracy claim. Each cause of action and its application to the separate defendants will be examined below.

## Factual Background

Plaintiff H.E.R.C. Products, Inc. (HERC) performs specialized cleaning services for ships, most notably for the U.S. Navy. In 1997, HERC was awarded a five-year sole source contract with the Navy. Subsequently, HERC hired Turlington to prepare a renewal bid for the 2002 Navy contract. (Bill of Compl. ¶¶ 9, 10.) The basis of HERC's complaint is that Turlington, while employed with HERC, gathered confidential information from his employer

and planned with the other named defendants to set up a business to compete with HERC using that confidential information. HERC alleges it sustained damage from defendants' actions in that it was not awarded a renewal sole source contract with the Navy and is being consistently underbid by defendants' competitive business.

## Standard on Demurrer

It is established that, in evaluating a demurrer, the court shall "consider as true all material facts alleged in a bill of complaint, all facts impliedly alleged, and all reasonable inferences that can be drawn from such facts" to determine if plaintiff has stated a cause of action. *Riverview Farm Assocs. Va. Gen. P'ship v. Board of Supervisors*, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000). Plaintiff's bill of complaint need not be perfect, and a demurrer is not proper if defendant desires simply more detail or a more definite statement. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993).

## Breach of Confidentiality Agreement

Regarding Turlington, HERC has pleaded a cause of action for breach of a confidentiality agreement sufficient to withstand a demurrer. While the parties have inserted a choice of law provision indicating that Arizona law controls the contract's construction, contrary to Turlington's argument, the agreement is not necessarily unenforceable under Arizona law. Similarly broad confidentiality and non-disclosure agreements have been upheld under Arizona law. *See Bed Mart, Inc. v. Kelley*, 45 P.3d 1219 (Ariz. App. 2002). Thus, the agreement between HERC and Turlington being properly alleged in the bill of complaint and attached thereto as Exhibit A, HERC's cause of action against Turlington may go forward.

However, relative to the remaining defendants, HERC cannot maintain a cause of action for breach of the confidentiality agreement, which was entered into solely by HERC and Turlington prior to any of the actions complained of being carried out or even contemplated.

## Breach of Fiduciary Duty and Breach of Loyalty

The court recognizes that under the common law, an employee-at-will owes a fiduciary duty of loyalty to his employer during his employment. *Williams v.*

*Dominion Tech. Partners*, 265 Va. 280, 289, 576 S.E.2d 752, 757 (2003) (citing *Horne v. Holley*, 167 Va. 234, 241, 188 S.E. 169, 172 (1936)). While an employee has a right during his employment to arrange to compete after the employment is terminated, this right is limited in the interest of fairness of the employer-employee relationship. *Williams*, 256 Va. at 289, 576 S.E. 2d at 757-58 (citing *Feddeman & Co. v. Langan Assoc.*, 260 Va. 35, 42, 530 S.E.2d 668, 672 (2000)). There are certain employee acts that will not be tolerated by the common law in an employment relationship, even an at-will employment relationship, including misappropriating trade secrets and misusing confidential information. *Williams*, 265 Va. at 291, 576 S.E.2d at 758.

Accordingly, HERC can maintain a cause of action for breach of duty against Turlington, and it has pleaded facts which, when taken as true, state a cause of action for breach of fiduciary duty and duty of loyalty against Turlington. However, only Turlington, as HERC's employee, owed any duty to HERC, and the demurrers of the remaining defendants relative to breach of fiduciary duty and duty of loyalty are sustained.

*Fraud*

To state a cause of action for fraud, plaintiff must allege the defendant made a false representation of material fact intentionally and knowingly with the intent to mislead the plaintiff, the plaintiff relied on the misrepresentation, and, finally, the party misled suffered damages. *I.T.T. Hartford Group, Inc. v. Virginia Fin. Assocs., Inc.*, 285 Va. 193, 203, 520 S.E.2d 355, 361 (1999). Furthermore, fraud must be pleaded with specificity in order to allow the defendant to "shap[e] his defense accordingly." *Mortarino v. Consultant Eng'g Servs., Inc.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996).

While HERC may not have systematically laid out its facts alleging fraud, the specific actions constituting fraud by Turlington are contained in HERC's bill of complaint. Disapproval of plaintiff's artfulness or organization is not grounds for a demurrer. Specifically, in HERC's pleading, it alleges that Turlington represented his interest in certain activities outside the scope of his job responsibilities was solely for the benefit of the company. Further, the information was provided to Turlington based on his representation that the information was needed for the benefit of the company. HERC also alleges that Turlington made this misrepresentation to induce HERC to provide him with the information, and the provision of the information ultimately financially damaged HERC. (Bill of Compl. ¶¶ 21, 22, 29, and 32.) Thus,

HERC has pleaded a cause of action for fraud against Turlington sufficient to withstand a demurrer.

With regard to the remaining defendants, HERC argues that, while Turlington had no relationship with the remaining defendants at the time he committed the alleged fraudulent acts, a relationship subsequently arose. It is on the basis of this relationship arising after the fact of the alleged fraud that HERC attempts to hold the other defendants responsible for Turlington's allegedly fraudulent acts. However, it is clear that Turlington, when he committed the actions in question, was not acting in the scope of any type of agency or employment relationship or in a representative capacity for any third party, including the remaining defendants. At the time Turlington committed the allegedly fraudulent acts, he was at most acting in his self-interest with the hope of later using the information to HERC's disadvantage. A cause of action for fraud has not been pleaded against the remaining defendants.

*Civil Conspiracy*

Virginia Code § 18.2-499 requires a plaintiff alleging civil conspiracy to prove a combination of two or more persons for the purpose of willfully and maliciously injuring the plaintiff in his business, and resulting damage to plaintiff. *Allen Realty Corp. v. Holbert*, 227 Va. 441, 449, 318 S.E.2d 592, 596 (1984). A single entity, for example a principle and his agent or a corporation and its agents, cannot be guilty of conspiracy. *Charles E. Brauer Co. v. Nations Bank*, 251 Va. 28, 36, 466 S.E.2d 382, 387 (1996).

HERC's bill of complaint alleges the necessary elements of civil conspiracy. However, the key issue brought up by the defendants on demurrer is whether it is a legal impossibility for the defendants to conspire together since HERC alleges that they acted as agents of each other. However, HERC alleges in the alternative the defendants acted individually. Even if HERC is unable to prove that any defendant acted in his or her individual capacity, it is sufficient at this stage in the proceedings that he alleges that they acted individually. While defendant Robinson is only alleged to be affiliated with Accurate Marine and Builder Marine, a cause of action for conspiracy is pleaded against him inasmuch as HERC alleges acts by all of the individual defendants that satisfy the elements of civil conspiracy. (Bill of Compl. ¶¶ 24, 28.) Virginia is a notice pleading state, and HERC need not descend into a statement of proof to survive demurrer. *CaterCorp, Inc. v. Catering Concepts,*

*Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993). HERC has sufficiently pleaded a cause of action for civil conspiracy against all defendants.

*Intentional Interference with Business Relations or Expectancy*

To state a cause of action for intentional interference with business relations or expectancy, plaintiff must allege the following: the existence of a business relationship or expectancy, a probability of economic benefit to the plaintiff, defendant's knowledge of the relationship or expectancy, and a reasonable certainty that, absent defendant's intentional misconduct, plaintiff would have continued in the relationship or realized the expectancy. *Glass v. Glass*, 288 Va. 39, 52, 321 S.E.2d 69, 76 (1984). Defendants' demurrers are based primarily on the argument that HERC could have no valid business expectation because, first, it is against public policy to have an expectation in a publicly bid contract, and, second, the Federal Acquisition Regulations Systems (FARS) mandate that split awards are to be preferred over sole source awards.

It is true that a "plaintiff's belief and hope that a business relationship will continue is inadequate to sustain the cause of action." *Commercial Bus. Sys., Inc. v. Halifax Corp.*, 253 Va. 292, 302, 484 S.E.2d 892, 897 (1997). However, this court cannot conclude, as a matter of law, that there can never be a valid subjective business expectancy in a publicly bid contract. Based on the facts pleaded by HERC, which this court takes as true on demurrer, the issue of whether HERC had a business expectancy in the 2002 Navy contract is not appropriately disposed of on demurrer, as HERC has alleged that, absent the alleged wrongful conduct by the defendants, HERC would have been awarded the 2002 Navy contract as a sole source provider.

Defendants also state as a grounds for their demurrer that the FARS preference for split awards defeats HERC's claim for intentional interference with a business expectancy. The FARS that defendant refers to establish a "preference" for multiple awards and direct the contracting officer to make multiple awards "to the maximum extent practicable" and as appropriate based on a list of enumerated facts. 48 C.F.R. § 16.500(a) (2003); 48 C.F.R. 16.504(c)(i) (2003). This preference does not establish an absolute mandate for multiple awards and is not sufficient to dismiss plaintiff's interference with business expectancy claim on demurrer.

HERC has alleged facts to support a cause of action for intentional interference with a business relationship or expectancy by pleading the following: HERC had a business expectancy in the 2002 Navy contract;

knowledge of the expectancy on the part of the defendants; facts that arguably show a reasonable certainty HERC would have otherwise realized its expectancy in the 2002 Navy contract; and damages sustained as a result of defendants' interference. Thus, other than Robinson's, defendants' demurrers are overruled. Defendant Robinson is only alleged to be affiliated with Accurate Marine and Builder Marine. (Bill of Compl. ¶ 5.) A mere affiliation, with no indication even of the nature of the affiliation, with the defendant companies does not sufficiently allege a cause of action for intentional interference with a business expectancy.

*Virginia Uniform Trade Secrets Act*

HERC alleges that trade secrets were misappropriated, creating a cause of action under the Virginia Uniform Trade Secrets Act (VUTSA). HERC puts forth in detail aspects of the bidding process that are allegedly confidential trade secrets. (Bill of Compl. ¶¶ 11, 26.) Additionally, HERC pleads that its mobile recirculation units constitute trade secrets for purposes of the VUTSA. (Bill of Compl. ¶ 21.) Misappropriation of the alleged trade secrets is properly pleaded in that HERC alleges they were obtained by Turlington in the scope of a relationship with an attendant duty of confidentiality and that the defendants knew of this relationship when they appropriated the trade secrets. Va. Code Ann. § 59.1-336 (2003); *Dionne v. Southeast Foam Converting & Packaging, Inc.*, 240 Va. 297, 305, 397 S.E.2d 110, 114 (1990).

However, though HERC has properly pleaded a cause of action for violation of the VUTSA, the court declines to dismiss HERC's common law causes of action at this time. While the court recognizes plaintiff has pleaded a cause of action for misappropriation of trade secrets sufficient to withstand demurrer, the parties are not in agreement about whether the information in question constitutes trade secrets, and the court is not willing to rule at this time that the alleged material does constitute a trade secret, thereby allowing HERC's VUTSA claim to preempt its common law claims. *See Stone Castle Fin. Co. v. Friedman, Billings, Ramsey & Co.*, 191 F. Supp. 2d 652 (E.D. Va. 2002).

Accordingly, defendants' demurrers relative to the VUTSA are overruled, with the exception of defendant Robinson for the same reason as above, whose demurrer is sustained.

*Status of Builder Marine and the Individual Defendants*

Builder Marine and the individual defendants demur on the grounds that no specific acts are alleged against them. The Domanskis and the Darrows are alleged to be officers, agents, or employees of Accurate Marine and Builder Marine. (Bill of Compl. ¶ 3.) Robinson is alleged to be affiliated with both Accurate Marine and Builder Marine. (Bill of Compl. ¶ 5.) Builder Marine, HERC alleges, subcontracts for Accurate Marine, has the same address as Accurate Marine, has all or some of the same principals as Accurate Marine, and is the alter ego of Accurate Marine. (Bill of Compl. ¶ 23.) HERC reports that Accurate Marine is the corporation which wrongfully procured the 2002 Navy bid Turlington was supposed to prepare for HERC. (Bill of Compl. ¶ 28.) Finally, HERC alleges that "the individual" defendants agreed together with Turlington to fund a business to compete with HERC, using misappropriated trade secrets. (Bill of Compl. ¶ 28.)

Since HERC has pleaded that Builder Marine is the alter ego of Accurate Marine, to the extent HERC has sufficiently pleaded causes of action against Accurate Marine, its pleadings against Builder Marine withstand demurrer, with the understanding that HERC will ultimately have to prove these assertions to succeed on the merits. By alleging that the Domanskis and the Darrows are officers, agents, or employees of Accurate Marine, it can reasonably be inferred from the pleadings that HERC is ascribing to this set of defendants the actions it has alleged against Accurate Marine. HERC's case against the Darrows is strengthened to the extent that it has alleged that the Darrows owned or capitalized Accurate Marine. (Bill of Compl. ¶ 23.) Thus, to the extent HERC has pleaded causes of action against Accurate Marine, the defendants Domanski and Darrow are sufficiently on notice of the facts being alleged against them to withstand demurrer. The unique status of defendant Robinson has been addressed above.

*Unclean Hands*

Turlington additionally demurs on the grounds that HERC may not invoke equity jurisdiction because it has "unclean hands." (Turlington's Demurrer ¶ 3.) Since, in ruling on a demurrer, the court must rely on the factual allegations in the bill of complaint as if they were true, the issue of unclean hands, raised by the defendant and based on facts alleged that are not in the

bill of complaint, is not an issue to be decided on demurrer. For this reason, Turlington's demurrer based on the doctrine of "unclean hands" is overruled.

## Conclusion

For the reasons stated above, all of Turlington's grounds for demurrer are overruled. Accurate Marine's, Builder Marine's, the Domanskis', and the Darrows' demurrers are sustained relative to the claims of breach of confidentiality agreement, breach of fiduciary duty, breach of duty of loyalty, and fraud. The same defendants' demurrers are overruled relative to the claims of civil conspiracy, intentional interference with business relations or expectancy, and violation of the VUTSA. Finally, the demurrer of Robinson is sustained relative to plaintiff's claims for breach of confidentiality agreement, breach of fiduciary duty, breach of duty of loyalty, fraud, intentional interference with business relations or expectancy, and violation of VUTSA. Robinson's demurrer relative to plaintiff's claim for civil conspiracy is overruled.