# CIRCUIT COURT OF HENRICO COUNTY

Thomas Christian Hunter

v.

J. Michael Simpson *et al.*

May 13, 2016

Case No. CL15-2343

By Judge James S. Yoffy

This matter came before the Court on March 25, 2016, on Defendants' Demurrers to Plaintiff's Second Amended Complaint. The Court having heard the arguments of counsel and having reviewed the pleadings, exhibits, and supplemental memoranda, rules as follows.

## Background

Thomas Christian Hunter, the Plaintiff, was an independent contractor sales representative marketing Praxa Medical, Inc. ("Praxa") surgical products to various hospitals and other healthcare providers. James Tyler Richmond ("Tyler Richmond") is an employee of Restoration Medical, L.L.C., selling medical devices used in surgery at St. Mary's Hospital, Richmond, Virginia. Restoration Medical, L.L.C. ("Restoration") is a limited liability company of which Tyler Richmond is an owner, member, and employee. J. Michael Simpson, M.D. ("Dr. Simpson") is a physician with Tuckahoe Orthopedic Associates, Ltd. ("Tuckahoe"). Tyler Richmond, Restoration, Dr. Simpson, and Tuckahoe will be collectively referred to as "Defendants."

Plaintiff filed his original Complaint on April 24, 2015, alleging two counts, (1) tortious interference with contractual relations and (2) tortious interference with contract expectancy, business relationship, and economic advantage. The Defendants, excluding Tuckahoe, demurred to both counts of the original Complaint. On October 30, 2015, the Court took

under advisement the demurrers to Count I and overruled the demurrers to Count II. On December 2, 2015, Plaintiff filed a First Amended Complaint. Defendants again demurred; however, prior to any hearing on the demurrers, the parties consented to the filing of a Second Amended Compliant ("SAC"). See Court Order dated March 1, 2016.

On March 1, 2016, Plaintiff's SAC was filed alleging the two counts from the original Complaint and an additional third count, statutory business conspiracy under Va. Code § 18.2-499 and § 18.2-500. Defendants demurred to all three counts of the SAC. On March 25, 2016, there was a hearing on the Defendants' demurrers, at which time the Court overruled the demurrers as to Counts I and II. The Court took the demurrers to Count III under advisement and directed the parties to file supplemental briefs.

### Statutory Business Conspiracy
### (Va. Code § 18.2-499 and § 18.2-500)
### and Parties' Arguments

Statutory business conspiracy occurs when "two or more persons . . . combine, associate, agree, mutually undertake or concert together for the purpose of . . . willfully and maliciously injuring another in his reputation, trade, business, or profession by any means whatever. . . ." Va. Code § 18.2-499. Virginia Code § 18.2-500 makes a violation of § 18.2-499 actionable in civil cases. The elements required to state a claim for statutory business conspiracy are: (1) a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business; and (2) resulting damage to the plaintiff. *Allen Realty Corp. v. Holbert*, 227 Va. 441, 449, 318 S.E.2d 592 (1984). The parties disagree as to whether the second element, damage to plaintiff's business interest, can be properly pleaded.

Defendants argue that Plaintiff cannot state a claim for statutory business conspiracy because the Plaintiff does not have the requisite damage to business interest. Defendants assert that Plaintiff was an employee of Praxa and, therefore, any interest he had was an employment interest, which is not protected by the statute. Plaintiff argues that he is an independent contractor with a business interest because he had a right to performance of contract and a right to reap profits therefrom.

### Damage to a Business Interest

Virginia Code § 18.2-499 and § 18.2-500 applies to business and property interests not to personal or employment interests. *Andrews v. Ring*, 266 Va. 311, 319, 585 S.E.2d 780 (2003). "Within the statute, its association with 'trade, business, or profession' requires the exclusion of personal reputation and interest in employment from the scope of the statute's coverage." *Id.* Although "injury to personal reputation often will ultimately affect employment prospects or professional success, claims under Va. Code

§ 18.2-499 must be limited to those conspiracies directed at injuring the business specifically." *Rogers v. Deane*, 992 F. Supp. 2d 621, 636 (E.D. Va. 2014), aff'd, 594 Fed. App'x 768 (4th Cir. 2014). Accordingly, to state a claim for statutory business conspiracy requires damage to a business interest, not an employment interest. Alleging injury to an employment interest is insufficient for bringing a claims within the ambit of Virginia Code § 18.2-499 and § 18.2-500.

In distinguishing a business interest from an employment interest, the Fourth Circuit held in *Shirvinski v. United States Coast Guard*, 673 F.3d 308, 321 (4th Cir. 2012), that an independent contractor did not sufficiently allege a business interest where the plaintiff "neither owned a company, did business as a separate organization, nor had a separate tax identification number for his contractor status." Additionally, the U.S. District Courts for the Eastern and Western Districts of Virginia have held that Virginia Code § 18.2-499 protects those persons who own or operate a business. See *Welch v. Kennedy Piggly Wiggly Stores, Inc.*, 63 B.R. 888, 897 (W.D. Va. 1986); *Moore v. Allied Chem. Corp.*, 480 F. Supp. 364, 374 (E.D. Va. 1979). Conversely, courts have characterized employment relationships and professional reputation as personal interests, not business interests. See *Campbell v. Board of Sup'rs of Charlotte Cty.*, 553 F. Supp. 644, 645 (E.D. Va. 1982) (interpreting Va. Code § 18.2-500 "to exclude employment from its scope"); *Inman v. Klockner-Pentaplast of Am., Inc.*, 467 F. Supp. 2d 642, 654 (W.D. Va. 2006) (holding that an individual's professional reputation is considered an employment interest falling outside the scope of Va. Code § 18.2-499). Therefore, employment interests are outside the scope of statutory business conspiracy claims and cannot support a claim under Virginia Code § 18.2-499 and § 18.2-500.

Here, Plaintiff was an independent contractor marketing orthopedic surgical appliances for Praxa. SAC ¶ 36. He did not own or operate his own business nor did he act as a separate organization. Plaintiff entered into his agreement with Praxa in his individual capacity, not as a separate business or organization. See Independent Sales Representative Confidentiality and Non-Solicitation Agreement. Moreover, the SAC does not provide allegations or statements that Plaintiff owned his own business; the SAC merely pleads that the Defendants' conduct was directed at the "plaintiff's business of marketing orthopedic surgical appliances." SAC ¶ 36.

Plaintiff sold products produced by Praxa, on behalf of Praxa, as a representative of Praxa. Any damage done was done to his employment relationships with hospitals and his professional reputation in the medical community. Any alleged damage to his personal, employment interests is actionable under other causes of action, but such interests are not business interest and are not sufficient to state a claim for statutory business conspiracy.

*Conclusion*

This Court finds that Plaintiff failed to state a claim under Virginia Code § 18.2-499 and § 18.2-500 as no damage to a business interest was alleged. Accordingly, the Court sustains the Defendants' Demurrers to Count III of the Second Amended Complaint with prejudice.