COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Fulton and Lorish
Argued at Norfolk, Virginia


JULIA A. BOWSER

                                                    MEMORANDUM OPINION* BY
v.          Record No. 1419-23-1                    JUDGE JUNIUS P. FULTON, III
                                                    DECEMBER 30, 2024

LILLIAN MCDONALD IRELAND


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Rufus A. Banks, Jr., Judge

Jeremy C. Mason (J.C. Mason Law PLC, on brief), for appellant.

Patrick J. Genova (Teumer & Drash, on brief), for appellee.


Julia Bowser filed a complaint against Lillian Ireland seeking to recover for injuries she

sustained as the result of a motor vehicle accident.  On March 23, 2023, Ireland filed a motion to

enforce settlement alleging that Bowser's counsel had accepted an offer to settle the case for $7,500.

Bowser admitted that her counsel accepted the settlement offer but she requested that the trial court

deny Ireland's motion to enforce the settlement because "no finalized settlement ha[d] been

reached."  The trial court granted Ireland's motion by a final order entered on June 12, 2023.

Finding no error, we affirm.[1]

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Ireland filed a motion to dismiss Bowser's appeal based on failure to timely file an
opening brief by September 25, 2023, which is currently pending before this Court.  However,
this Court granted Bowser's motion for an extension of time to file her opening brief on October
23, 2023, and an opening brief was timely filed on October 30, 2023.  Ireland's motion is,
therefore, rendered moot.

## I. BACKGROUND

Because the facts of the underlying motor vehicle accident are not necessary to this Court's resolution of the appeal, we merely note that Bowser and Ireland were involved in an accident on April 13, 2017.

On June 20, 2019, after suffering a nonsuit of her initial claim, Bowser refiled her complaint alleging continuing pain and future medical expenses in the Circuit Court for the City of Chesapeake. Specifically, Bowser claimed damages for past and future medical expenses, past and future physical pain and mental anguish, past lost wages and future lost wage-earning capacity, and all other forms of damages available to her in the sum of $40,000. Between December 17, 2021, and June 18, 2022, counsel for Bowser (Jeremy Mason) and counsel for Ireland (Patrick Genova) exchanged multiple emails negotiating a settlement amount, all of which indicated that the signing of a "full and final release" would be a part of any settlement agreement. After ongoing settlement negotiations, Genova made an offer of $7,500 to Mason via a phone call to settle all claims in the dispute. The offer stipulated that Ireland agreed to pay $7,500 in exchange for the dismissal of all claims at issue in the suit and an agreement that Bowser would be responsible for any liens associated with the case. On January 20, 2023, Mason responded via email that after speaking with his client, Bowser accepted the settlement offer that had been communicated by that phone call. Settlement documents were sent to Mason on January 23, 2023. After failing to receive the signed settlement documents from Mason, Genova filed a motion to enforce settlement on March 23, 2023. Mason subsequently responded that Bowser was no longer in agreement with the settlement. After hearing oral argument on April 19, 2023, the trial court issued a letter opinion, dated May 24, 2023, granting Ireland's motion to enforce settlement. This appeal follows.

## II. ANALYSIS

Bowser assigns error to the trial court's granting of Ireland's motion to enforce settlement, asserting that (1): "[t]he trial court erred by not acknowledging [that] . . . Bowser fail[ed] to understand . . . or appreciate the extent of her verbal response to [her] counsel to agree to settle until [she] viewed the release sent by [Ireland]"; and (2) "[t]he trial court erred by not acknowledging the parties did not discuss or agree to the signing or embracing of any release, or any terms of any release as a part of [sic] condition of the settlement." Bowser's second assignment of error is essentially derivative of the first based on the fact that she failed to understand the ramifications of saying "yes" to her attorney regarding settlement because she did not realize that her acceptance of a settlement meant that she would have to sign a release.

It is "well settled that an attorney has no power, by mere virtue of his retainer and without express authority, to bind his client by a compromise of a pending suit or other matter [entrusted] to his care." *Dawson v. Hotchkiss*, 160 Va. 577, 581 (1933). "[A] compromise made by an attorney without authority or in violation of his client's commands will not be enforced to the client's injury, yet if the authority of the attorney be apparent, then his client will be bound." *Walson v. Walson*, 37 Va. App. 208, 214 (2001) (quoting *Singer Sewing Mach. Co. v. Ferrell*, 144 Va. 395, 403-04 (1926)). Further, as a general rule, the knowledge of an agent is imputed to his or her principal, especially when the agent is an attorney authorized to act on the client's behalf. *See generally Yamada v. McLeod*, 243 Va. 426, 433 (1992) (citing *Allen Realty Corp. v. Holbert*, 227 Va. 441, 446 (1984)).

In cases where there is a dispute over whether an attorney has apparent authority, the trial court must evaluate the credibility of the witnesses and their testimony to resolve these disputes. *See Kaplan v. Kaplan*, No. 0987-92-1, slip op. at 4-5, 1993 Va. App. LEXIS 420, at *6-*7 (Sept.

14, 1993).[2]  "The credibility of the witness[] . . . [is a] matter[] solely for the fact finder," *Elliott v. Commonwealth*, 277 Va. 457, 462 (2009), and only if the witness's testimony is inherently incredible as a matter of law will the appellate court disturb the trial court's determination, *Nobrega v. Commonwealth*, 271 Va. 508, 518 (2006).  Nor will this Court, on appeal, disturb the findings of the trial court regarding the authority of the agent unless plainly wrong.  *Walson,* 37 Va. App. at 214.

While there is no dispute that Bowser gave her attorney, Mason, the authority to settle the case on her behalf, she assigns error to the trial court's granting the motion to enforce settlement because she did not understand or appreciate that her attorney's acceptance was effective since she had not yet reviewed the written release.  We find that her apparent misunderstanding constitutes a unilateral mistake.  At a hearing on the motion to enforce settlement, the trial court, based on the pleadings in response to the motion and factual concessions made on Bowser's behalf, determined that Bowser had given her attorney, Mason, the authority to settle the case, that he had done his duty by communicating the settlement offer to her, and that after speaking with Mason, she agreed to the terms of the settlement.  Once she agreed to the terms, he communicated her acceptance to Genova, Ireland's counsel.  In its letter opinion, the trial court specifically stated that there was "no question concerning the apparent authority of plaintiff's counsel to enter such settlement, thereby binding the plaintiff."  The remaining issue, then, is whether Mason's knowledge that the settlement agreement would include a release of all claims is then imputed to Bowser since Mason was acting as Bowser's agent.

At oral argument before this Court, Mason conceded that he understood that settlement of Bowser's claim meant dismissal of the pending lawsuit and that he communicated what settling

---

[2] We acknowledge that *Kaplan* is an unpublished decision and, therefore, is not binding on this Court, but can be used as persuasive authority.

- 4 -

the case would mean to Bowser when they discussed his authority to negotiate and accept a settlement offer on her behalf. Further, Mason acknowledged that under basic principles of agency, his knowledge of the fact that this settlement included a release of all claims asserted in the pending lawsuit would be imputed to his client due to the apparent authority Bowser granted him to negotiate and accept the settlement offer.[3] Therefore, based on the trial court's finding that Mason had apparent authority to settle the claim on Bowser's behalf and the basic principle of agency theory that an agent's knowledge is imputed to the principal, we hold that the trial court did not err in finding that Bowser was bound by the settlement agreement as articulated to her by her attorney, Mason, and in subsequently granting Ireland's motion to enforce settlement.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court.

*Affirmed.*

---

[3] The damages sought in Bowser's complaint subsumed the very claims Bowser articulates as the basis for her refusal to sign the release.