## CIRCUIT COURT OF HANOVER COUNTY

Bryan Guerin

v.

Mechanicsville Properties, L.L.C.

September 14, 2010

Case No. CL10000195-00

By Judge J. Overton Harris

Before the Court is Defendant's demurrer to Plaintiff's Amended Complaint. The Court heard argument on the demurrer on September 3, 2010, and took the matter under advisement. Following thorough review of the pleadings, the memoranda and briefs filed by counsel, and the law, the Court finds as follows.

### I. *Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Virginia Code § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Id.* Upon examination and consideration of the exhibits, the Court "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379,

382, 493 S.E.2d 516, 518 (1997); *see Dodge v. Randolph-Macon Women's College,* 276 Va. 1, 5, 661 S.E.2d 801, 803 (2008).

## II. *Background*

Accepting the factual allegations in Plaintiff's Amended Complaint as true, the following are relevant to the demurrer. Plaintiff rented a residential property located in Hanover County from Defendant. Heavy rainfall caused a nearby body of water to overflow, subsequently flooding the basement, garage, and driveway of the property. Plaintiff sustained damage to his vehicle and other personal property stored in the basement and garage.

Attached to the Complaint is the lease agreement entered into by the parties on May 1, 2009. Paragraph 22 of the lease agreement states "[t]he Tenant is hereby advised and understands that the personal property of the Tenant is not insured by the landlord for either damage or loss, and the Landlord assumes no liability for any such loss. The Tenant is advised that, if insurance coverage is desired by the Tenant, the Tenant should inquire of Tenant's insurance agent regarding a renter's policy of insurance." Paragraph 64 of the lease agreement states "[t]he Tenant agrees that the Landlord will not be liable or responsible in any way for any personal injury or death that may be suffered or sustained by the Tenant or by any person for whom the Tenant is responsible who may be on the Premises of the Landlord or for any loss of or damage or injury to any property, including cars and contents thereof belonging to the Tenant or to any other person for whom the Tenant is responsible."

On March 5, 2010, Plaintiff filed a suit seeking to recover $16,206.55 plus attorney's fees, interest, and costs. Plaintiff's Complaint contained two counts, Count I was a claim for Breach of Contract and Right of Quiet Enjoyment, and Count II was a claim for Constructive Fraud. On April 6, Defendant filed a Demurrer, which the Court sustained as to Count I with prejudice and sustained as to Count II without prejudice and with leave to amend.

On July 14, 2010, Plaintiff filed an Amended Complaint alleging three new counts. Count I is for Tortious Constructive Fraud as at Common Law; Count II is for Tortious Misrepresentation as at Common Law; and Count III is for Concealment of a Material Fact as at Common Law. On August 4, 2010, Defendant filed a Demurrer to all three counts for failure to state a claim and/or failure to state sufficient facts upon which the relief demanded can be granted.

## III. *Analysis*

Under Virginia law, fraud may be either actual or constructive. "Actual fraud is defined as the knowing misrepresentation of a material

fact to another person, whose reasonable reliance on the misrepresentation results in damage." *A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 612 F. Supp. 760 (W.D. Va. 1985), rev'd on other grounds, 798 F.2d 669 (4th Cir. 1986), cert denied 479 U.S. 1091 (1987) (citing *Packard Norfolk, Inc. v. Miller*, 198 Va. 557, 561-62, 95 S.E.2d 207, 210-11 (1956)). A cause of action for actual fraud requires the plaintiff to plead and prove: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 367, 585 S.E.2d 578, 581 (2003).

Constructive fraud is defined as "a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Jackson v. Seymour*, 193 Va. 735, 741-42, 71 S.E.2d 181, 185 (1952) (quoting *Moore v. Gregory*, 146 Va. 504, 523, 131 S.E. 692, 697 (1925)). "Constructive fraud differs from actual fraud in that the misrepresentation of material fact is not made with the intent to mislead, but is made innocently or negligently although resulting in damage to the one relying on it." *Nationwide Mut. Ins. Co. v. Hargraves*, 242 Va. 88, 92, 405 S.E.2d 848, 851 (1991) (citing *Kitchen v. Throckmorton*, 233 Va. 164, 171, 286 S.E.2d 673, 676 (1982)).

To constitute either actual or constructive fraud, "an affirmative representation need not have been made. Fraud may consist of the suppression or omission of that which is true as well as the articulation of that which is false." *Howarth v. Rockingham Publishing Co.*, 20 F. Supp. 2d 959, 970 (W.D. Va. 1998) (citing 8B Michie's Juris., *Fraud and Deceit*, § 15 (1994)). Concealment of a material fact by one who knows that the other party is acting upon the assumption that the fact does not exist constitutes actionable fraud. *Allen Realty Corp. v. Holbert*, 227 Va. 441, 450, 318 S.E.2d 592, 597 (1984). However, concealment can give rise to constructive fraud only in cases in which there is a duty to disclose the concealed fact. *Nationwide Mut. Ins. Co.*, 242 Va. at 92-93, 405 S.E.2d at 851.

In the present case, Plaintiff pleads two theories of recovery in each count of the Amended Complaint, actual fraud and constructive fraud.

Taking the counts of the Amended Complaint out of order, Count III of Plaintiff's Amended Complaint is a claim for Concealment of a Material Fact as at Common Law. Virginia law recognizes concealment of material facts as actionable in the form of a fraud claim as long as the concealment was intentional and with knowledge that the other party is acting on the assumption that no such fact exists. In the present case, Plaintiff has alleged that Defendant "knew . . . that [the] lake or body of water overflowed its banks in the past each time a heavy rain fell . . ." and that "Defendant knew . . . that water runoff from the lake proximately [r]an and or flowed into

the basement, garage, and driveway of the rental real estate. . . ." Finally, Plaintiff has alleged that "Plaintiff, relying upon Defendant's representations of habitability and suitability for all rental and/or lease purposes, executed the aforesaid agreement. . . ."

Plaintiff has stated a cause of action for actual fraud, and Defendant's Demurrer to that portion of Count III is overruled. Plaintiff's allegations of actual fraud in Counts I and II do not allege any new facts beyond those set forth in Count III, and, therefore, Defendant's Demurrer to these portions of Counts I and II is sustained.

With regard to Plaintiff's constructive fraud claim contained in Counts I, II, and III of the Amended Complaint, Plaintiff alleges that "Defendant had a common law duty to . . . warn Plaintiff of the dangerous [propensity] of the lake overflowing its banks which proximately flooded the subject real estate, its driveway, garage, and basement." However, Plaintiff's Amended Complaint fails to state any facts establishing a fiduciary or special relationship between Plaintiff and Defendant, which would give rise to a duty to disclose. The question of whether a duty exists is a pure question of law, *Burns v. Johnson*, 250 Va. 41, 45, 458 S.E.2d 448, 451 (1995), and prior cases have "consistently rejected the contention that the relationship of landlord and tenant, without more, constitutes a special relationship. . . ." *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 108, 540 S.E.2d 134, 140 (2001).

Further, Defendant expressly disclaimed any assumption of such a duty in paragraphs 22 and 64 of the lease agreement. Counts I and II of Plaintiff's Amended Complaint fail to plead sufficient facts upon which the requested relief for constructive fraud may be granted. The Court previously granted Plaintiff leave to amend his claim for constructive fraud. Accordingly, Defendant's Demurrer to that portion of Counts I, II, and III of the Amended Complaint is sustained, and Plaintiff's claim for constructive fraud is dismissed with prejudice.

## IV. *Conclusion*

For the reasons articulated in this letter opinion, Defendant's Demurrer to that portion of Count III stating a cause of action for actual fraud is overruled. Plaintiff's allegations of actual fraud in Counts I and II do not allege any new facts beyond those set forth in Count III, and, therefore, Defendant's Demurrer to these portions of Counts I and II is sustained.

Defendant's Demurrer to those portions of Plaintiff's claim for constructive fraud contained in Counts I, II, and III is sustained, and Plaintiff's claim for constructive fraud is dismissed with prejudice.